**FILED**

NOV 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Astarte Davis-Rice
Federal Correctional Institution
5701 8th Street - Camp Parks
Dublin, California 94568
01137-094 Unit A,

     Plaintiff,

vs.

UNITED STATES OF AMERICA,

     Defendant.

Case: 1:07-cv-02072
Assigned To : Unassigned
Assign. Date : 11/15/2007
Description: Pro Se General Civil

---

COMPLAINT

RECEIVED

OCT 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## SERVICE LIST

Astarte Davis-Rice
01137-094 Unit A
Federal Correctional Institution
5701 8th Street - Camp Parks
Dublin, CA 94568

Phyllis J. Pyles, Director
Civil Division, Torts Branch
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

Mary Jo Touhey, Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

Khlayer Sowell, Claims Adjuster
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

Chuck Rosenberg, U.S. Attorney
Southern District of Texas
P.O. Box 61129
910 Travis Street
Houston, TX 77208

Anthony J. Jenkins, U.S. Attorney
District of Virgin Islands
Federal Building and U.S. Courthouse
5500 Veterans Drive, Room 260
St. Thomas, V.I. 00802-6424

Honorable Valerie Caproni, General Counsel
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Room 7427
Washington, D.C. 20535-0001

Honorable Rockne Chickinell, General Counsel
U.S. Parole Commission
5550 Friendship Boulevard
Room 420 PPB
Chevy Chase, Maryland 20815

John Helm, Associate Chief Counsel
Office of the Chief Counsel
U.S. Customs and Border Protection
13300 Pennsylvania Avenue, N.W.
Washington, D.C. 20229

Joyce Zoldak, Associate General Counsel
Federal Bureau of Prisons
320 First Street, N.W.
Room 977 HOLC
Washington, D.C. 20534

William R. Burchill, Jr.
Associate Director & General Counsel
Administrative Office of U.S. Courts
1 Columbus Circle, N.E.
Suite 7-290
Washington, D.C. 20544

Astarte Davis-Rice
01137-094 Unit A
Federal Correctional Institution
5701 8th Street - Camp Parks
Dublin, California

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Astarte Davis-Rice,                        Civil Action No. _____

       Plaintiff,

vs.

United States of America,

       Defendant.

## NOTICE OF MOTION AND MOTION FOR RELIEF/REMEDY ON
## ADMINISTRATIVE TORT CLAIMS
## PURSUANT TO THE FEDERAL TORT CLAIMS ACT
## 28 U.S.C.S. §§ 2671 - 2680
## BY AFFIDAVIT

---

I, Astarte Davis-Rice, Plaintiff, Aggrieved Party, hereinafter known as 'Affiant,' of age to contract and competent to witness, make this sworn voluntary statement in support of her herein claims under her motion for relief/remedy pursuant to the Federal Tort Claims Act 28 U.S.C.S. §§ 2671-2680; having first hand knowledge of the facts and/or as Affiant understands the facts according to a declared source of information contained below, declare and affirm the following is true, correct, complete, certain, and not misleading to

the best of her personal knowledge and belief; she avers the following:

1]      THAT, 'Indeed, no more than affidavit(s) is necessary to make the prima facie case.' See United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981), cert. den. on other grounds, 5 U.S.L.W. 2169, S.Ct. March 22, 1982;' and

        Quoting the Supreme Court in Mohascd Corp. v. Silver, 447 U.S. 807 at 826, 65 L.Ed.2d 532, (1980) it stated: 'Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed and have held that some procedural rules must give way because of the unique circumstance of incarceration . . . .' See also, Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652 (1972); Estelle v. Gamble, 429 U.S. 97, 50 L.Ed.2d 251 (1976); Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245 (1988). As in this case; but nonetheless, this pleading shall be so construed as to do substantial justice. Rule 8(f), F.R.Civ.P.; and

**Jurisdiction**

2]      THAT, the district court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000. 28 U.S.C.S. §§ 1332(a); (a)(1); (c)(1) and (d); 28 U.S.C.S. § 1346(b); 28 U.S.C.S. § 2401(b), and the Federal Tort Claims Act ('FTCA') 28 U.S.C.S. §§ 2671 - 2680; and

        Affiant has satisfied the jurisdictional requirement as set forth in 28 U.S.C.S. § 2675(a) as shown herein; and

**Venue**

3]      THAT, venue is proper in the district where Affiant resides or where the act occurred. 28 U.S.C.S. § 1402(b); Affiant was denied her relief/remedies by the United States, its agency the United States Department of Justice, Civil Division, Torts Branch, Washington, D.C.; and

        Diversity of citizenship: pursuant to 28 U.S.C.S. § 1332(a) the

district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000., exclusive of interest and costs; and is between citizens of different states Section 1332 (a)(1); and

Pursuant to 28 U.S.C.S. § 1332(c) for the purposes of this section and Section 1441 of this title; § 1332(c)(1) United States is a corporation, herein Defendant; and shall be deemed to be a citizen of any State by which it has been incorporated and/or of the State where it has its principal place of business; therefore, Affiant brings her claims to this Court; and

**Parties of interest**

4]        Plaintiff/Affiant is a citizen and resident of California; and

Defendant/United States is deemed to be a citizen with its principal place of business in and of Washington, D.C.; and

United States as defendant 28 U.S.C.S. § 1346: Congress used neither intricate nor restrictive language in waiving the Government's sovereign immunity. Section 1346(b) grants exclusive jurisdiction in the district courts over tort claims against the United States for money damages for personal injury caused by the negligent or wrongful act or omission of any employee of Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred; and

The jurisdictional statute 28 U.S.C.S. § 1346(b) covers wrongful as well as negligent acts. See Hatchley v. United States, 351 U.S. 173, 100 L.Ed. 1065 (1956); Dalehite v. United States, 346 U.S. 15, 97 L.Ed 1427 (1953) (dictum). Thus, it has been held that the tort of trespass and invasion of privacy do not fall within the exception of Section 2680(h). See Hatahley, supra (trespass); Black v. Sheraton Corp. of America, 184 U.S.App.D.C. 46,

-3-

54 - 56, 564 F.2d 531, 539-41 (1977) (invasion of privacy), (when the Act was amended in 1973, this was assumed. See, S.Rep No. 588, 93rd Cong., 1st Sess. 3 (1973)); and

**Time for commencing action against United States 28 U.S.C.S. § 2401**

5]          THAT, no action may be brought under the FTCA unless the plaintiff has first presented her claim to the appropriate federal agency and the agency has either denied the claim or failed to act on it within six months of its submission. See McNeil v. United States, 508 U.S. 106, 124 L.Ed.2d 21 (1993). This jurisdictional requirement is set forth in 28 U.S.C.S. § 2675. The complementary providions of Section 2672 direct each federal agency to establish a mechanism for resolving tort claims, and authorize the agencies and the Attorney General to settle and pay them; and

          Affaint did present her tort claims to the appropriate federal agency in a timely manner as shown below; and

          Pursuant to 28 U.S.C.S. § 2401(b) a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years of such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented; and

          Affiant of this date, as yet to receive her letter by certified or registered mail of the denial of her claim by the agency to which it was presented; however, Affiant is proceeding under Section 2675(a), thereby, completing her administrative remedies; and

**Definitions of employee and federal agency**

6]          THAT, 28 U.S.C.S. § 2671 defines two critical terms. 'Federal Agency' includes all departments of the executive branch, as well as the legislative and judicial branches and the military. Also included are

-4-

instrumentalities of the United States, and other quasi-independent government-al entities. Employees of state and local government (Government of the Virgin Islands) agencies may qualify as federal employees when they are carrying out duties under the direction of a federal agency, which also, applies to any person (private parties as herein) acting with/on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and any officer or employee of a Federal public defenders organization; and

**Administrative adjustment of claims 28 U.S.C.S. § 2672**

7]        THAT, the head of each federal agency, in this case: Phyllis Pyles, Director, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., or her designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any tort claim for money damages against the United States for injury or loss of property, or personal injury caused by wrongful acts or omission of any employee of an agency while acting within the scope of his office or employment, under circumstances where United States, if a private person would be liable to the claimant; pursuant to Section 2674 in accordance with the law of the place where the acts or omission occurred, which herein would be California, Texas and Virgin Islands; and

**Liability of United States 28 U.S.C.S. § 2674**

8]        THAT, the United States shall not be liable for punitive damages. The statutory language suggests that to the extent a plaintiff may be entitled to damages that are not legally considered 'punitive damages,' but which are for some reason above and beyond ordinary notions of compensation, the United States is liable 'in the same manner and to the same extent as a private individual.' These damages in the 'gray' zone are not by definition 'punitive damages' barred under the Act; and

The term 'punitive damages,' embodies an element of the defendant's conduct that must be proved before such damages are awarded. In this case the United States has admitted and accepted its liability for its unlawful conduct with malice under color of law and office, that took 20 years of Affiant's life, therefore, punitive damages shall be awarded. 28 U.S.C.S. § 2674; and

Section 2674 does not prohibit compensatory award of damages that departs from actual damages, that is shown herein, which should be considered a 'particular case;' and

## Pursuant to 28 U.S.C.S. § 2675

9]      THAT, the failure of an agency to make final disposition of a tort claim within six months after it is filed shall, at the option of the claimant (Affiant) any time thereafter, be deemed a final denial of the claim for purposes of Section 2675(a) 28 U.S.C.S. See McNeil v. United States, 508 U.S. 106, 124 L.Ed.2d 21 (1993); and

Affiant herein is exercising her due diligence in preserving her claim (Irwin v. Dept. of Veterans Affairs, 498 U.S. 89 at 96, 112 L.Ed.2d 435 (1990)), in this case the six months as passed; and

## Judgment as bar

10]      THAT, under 28 U.S.C.S. § 2676 Affiant understands that judgment under Section 1346(b) is a complete bar to file a Bivens action against the government employees whose acts or omissions gave rise to this claim; and

## Compromise

11]      THAT, Affiant also understands pursuant to 28 U.S.C.S. § 2677 the Attorney General or his designee may arbitrate, compromise, or settle any claim cognizable under Section 1346(b) of this title, after the commencement of an action thereon;

## Acting in the scope of employment

12]      THAT, the employees were knowingly, intentionally and willfully

acting at all times within the scope of his or her employment when the tortious acts occurred, working on government unlawful business that put Affiant unlawfully in prison for 17 years for enrichment not entitled. 28 U.S.C.S. § 2679(d); and

## Exception to the rule

13]        THAT, the principal exception to the rule of exclusivity is stated in 28 U.S.C.S. § 2679(b)(2), which provides that government employees may be sued for violating the Constitution or statues that specifically provide for such suits, as herein; and

Pursuant to 28 U.S.C.S. § 2679 Affiant's claims against the United States provided by Sections 1346(b) and 2672, 28 U.S.C.S. for injury or loss of property arising or resulting from committed torts by negligent or wrongful acts or omissions of any employee of the government while acting within the scope of office or employment for money damage; which in this case the United States has already admitted and accepted liability, therefore, the issue herein is solely the amount of damages requested in Affiant's tort claim; and

Affiant has complied with the administrative tort claim procedures herein per Section 2401; and

## Exception 28 U.S.C.S. § 2680

14]        THAT, an examination of the legislative history of the Federal Tort Claims Act reinforces the conclusion that Congress intended to permit suits against the United States. For a number of reasons, it appears that Congress was well aware of claims by federal prisoners and that its failure to exclude them from the provisions of the Act in 28 U.S.C.S. § 2680 was deliberate. The Act as part of the Legislative Reorganization Act of 1946 (August 2, 1946, c. 753, 60 stat 812), was designed to avoid injustice to those having meritorious claims; as herein shown; and

The misconduct of their (United States) employees extents to novel

and unprecedented forms of liability under the Act as well (see Indian Towing
Co. v. United States, 350 U.S. 61, 100 L.Ed. 48 (1955); also, Rayonier, Inc. v.
United States, 352 U.S. 315, 1 L.Ed.2d 354 (1957)), as may be seen in Affiant's
exhibits; in any event an analogous form of liability exists concerning the
government and private parties; and

Affiant's FTCA claims for damages does not fall under the
'Exceptions,' as shown in her exhibits, pursuant to 28 U.S.C.S. § 2680; and

**Continuing wrongs against Affiant**

15]       THAT, Affiant's rights under the Continuing Wrong Doctrine, the
United States and parties of the conspiracy/collusion to this date is still
committing tortious acts against her while incarcerated. As shown in Bancruptcy
Case No 05-40818 under adversary proceeding case No. 06-4113 by enforcing an
unenforceable civil judgment pursuant to California Codes from case No.
C 89-02907; enforcement of an illegal detainer; loss of good time credits (five
years); loss of year off for completing the drug program (Section 3621); loss
of parole; loss of industrial credits; letters and calls to Bureau of Prisons
concerning facts not in evidence at trial; Affiant is at the end of her sentence
and BOP is refusing to allow her a six months halfway house, she will go
directly to the streets; denial of return of property; much more; and

**Right of action**

16]       THAT, Affiant has a right to bring suit and a legal right to
maintain an action growing out of the facts and based thereon. Such right
pertains to remedy and relief through judicial procedure. Right of Affiant, the
injured/aggrieved party to secure redress for violation of her rights. A right
presently to enforce a cause of action by suit against the United States
pursuant to the Federal Tort Claims Act; and

Each of the six conditions listed below have been satisfied to find
the United States liable under the FTCA. 1) claims for money damages, 2) claims

arising from damage to property, personal injury, or death, 3) claims caused by

a negligent or wrongful act , 4) of a federal government employee, 5) acting

within the scope of his or her employment, 6) in circumstances where a private

person would be liable under state law. Affiant has herein shown the Governments

(United States) has admitted and accepted liability for their tortious acts;

and

**Statement of facts**

17]        THAT, on August 16, 2005 Affiant filed an independent action

pursuant to Rule 60(b)(4) F.R.Civ.P. case No. D.C. Civil 2005/118 by affidavit

in the United States District Court for the Virgin Islands; and

18]        THAT, on September 13, 2005 the Clerk of the Court received

Affiant's Notice of Default and Entry of Default Judgment; and

19]        THAT, the Governments failed to appear, respond, answer, rebut, or

defend the above case and further failed to request a time extention in which

to answer; failure to rebut Affiant's affidavit means assent to all facts as

stated, that now stands as truth in all law proceeding. An unrebutted affidavit

becomes a judgment by operation of law. Therefore, Governments admission and

acceptance of liability with malice; and

20]        THAT, no controversy exists, the United States is liable for their

willful tortious acts against Affiant, therefore, tort claim for damages is

justified; and

21]        THAT, on January 26, 2006 Affiant issued her Federal Tort Claim.

See **EX A**, referenced herein, in its entirety as it speaks for its self; and

21]        THAT, on May 5, 2006 Affiant by U.S. Mail sent a copy of her tort

claim to the following parties:

> a) Attorney General, Department of Justice, Washington, D.C. by
> Certified Mail Receipt No. 7004 2510 0001 2736 4659
>
> b) Anthony Jenkins, U.S. Attorney, for the Virgin Islands by
> Certified Mail Receipt No. 7004 2510 0001 2736 4673

c) Iver Stridiron, Attorney General of the U.S. Virgin Islands by Certified Mail Receipt No. 7004 2510 0001 2736 4697

d) Kevin Ryan, U.S. Attorney, San Francisco, California by Certified Mail Receipt No. 7004 2510 0001 2736 4680

e) Chuck Rosenberg, U.S. Attorney, Houston, Texas by Certified Mail Receipt No. 7004 2510 0001 2736 4703; and

22]      THAT, the above was 'received' by the Attorney General, the Department of Justice , Washington, D.C. on May 30, 2006; and

23]      THAT, Affiant's tort claim by the Department of Justice was referred to the Torts Branch, Civil Division; and

24]      THAT, on June 22, 2006 Mary Jo Touchey, Trial Attorney, Torts Branch, Civil Division, of the Federal Tort Claims Act Staff, U.S. Department of Justice, Washington, D.C. sent Affiant a letter stating: Affiant's Administrative Tort Claim dated January 26, 2006 had been assigned to her for handling. See **EX B**; and

25]      THAT, Affiant on April 18, 2007 sent her second Federal Tort Claim to the U.S. Attorney General for tortious acts of trespass against her on payment for unlawful restitution. See **EX C,** referenced herein, in its entirety as it speaks for its self; and

26]      THAT, the above tort claim has its base/foundation in the above Virgin Islands case No. D.C. Civil 2005/118. Therefore, the Torts Branch combined it with Affiant's original tort claim dated January 26, 2006 assigning the same case number; and

27]      THAT, Affiant received a copy of a letter from the Torts Branch Director, Phyllis Pyles to U.S. Attorney for the Virgin Islands, Anthony Jenkins dated July 26, 2007 asking him to provide the needed details setting forth the facts within 30 days, and to contact Khlayer Sowell, Claims Adjuster for the Torts Branch with the information. See **EX D;** and

28]      THAT, Affiant received a letter dated July 26, 2007 from Khlayer

-10-

Sowell, Claims Adjuster, Torts Branch advising her, the above tort claim had been assigned to her for handling. See **EX E**; and

29]         THAT, Affiant filed the above tort claims for injury/damages against the United States under the Federal Tort Claims Act (28 U.S.C.S. §§ 2671 - 2680). The United States has admitted and accepted liability of their tortious acts of trespass as seen in her exhibits and that the sole issue herein is the amount of damages that Affiant has explicitly asked for in her tort claims; and

**Cause of action**

30]         THAT, the facts stated herein and in her tort claims (exhibits) give Affiant a right to judicial redress against United States that which will entitle Affiant to sustain her action and give her right to seek a judicial remedy in behalf; and

31]         THAT, under FTCA damages are determined by the law of the State where the tortious acts of trespass occurred, 28 U.S.C.S. § 1346(b). The acts in this case were committed in California, Texas and Virgin Islands; as shown in the exhibits; and

32]         THAT, under FTCA punitive damages are prohibited, however, the architecture of the Act provides for recovery according to the lex loci delictus, as should be in this case. For the Governments tortious acts against Affiant they should be punished, if the Governments is allowed to 'slid by' in this case for their intentional, willful egregious conduct for enrichment not entitled, and if so how will they be stopped from doing it again and again; or is there truely no justice in our courts today; and

33]         THAT, the United States shall be liable on Affiant's tort claims for recovery of what are legally considered 'punitive damages' under traditional common-law principles under the law where the tortious acts of trespass were committed; and

34]        THAT, it is a well established principle of the common law, that actions of trespass and all actions on the case for torts, a court/jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offence rather than the measure of compensation to the plaintiff. See Day v. Woodworth, 13 How 363, 371, 14 L.Ed. 181 (1852); also, Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 15-17, 113 L.Ed.2d 1, id., at 25-27 (1991) (Scalia, J., concurring in judgment); and

35]        THAT, in an opinion from the Supreme Court by Thomas, J., expressing the unanimous view of the court, it was held that Section 2674 bars the recovery of only what are legally considered 'punitive damages' under traditional common-law principles - that is, damages which are intended to act as punishment for intentional or egregious conduct - but does not limit the United States liability for compensatory damages; such as damages for Affiant's losses as shown in her tort claim as well as actual losses. Governments has admitted and accepted liability of Affiant's claims. Therefore, it does not depend on any proof that the Governments had engaged in intentional or egregious misconduct; and

36]        THAT, in Mikzif v, United States, 502 U.S. 301, 116 L.Ed.2d 732 the Supreme Court concerning Section 2674 clearly states, is that the United States shall not be liable for punitive damages. The statutory language suggests that to the extent Affiant may be entitled to damages that are not legally considered 'punitive damages,' but which are for some reason above and beyond ordinary notions of compensation, the United States is liable 'in the same manner and to the same extent as a private individual.' These damages in the 'gray' zone are not by definition 'punitive damages' barred under the Act as shown in Affiant's tort claims herein; and

**Remedy/Relief requested**

37]        THAT, Affiant herein restates all claims by reference as shown in

-12-

her tort claims, the tortious acts of trespass with malice against Affiant for enrichment not entitled were committed knowingly, intentionally and willfully; and are the direct result of personal injuries/damages caused by United States, its employees, agencies, courts, etc.; using the local government (Virgin Islands), its employees, agencies, etc., and private parties (named and unnamed in the tort claims) working under color of law and office, as governmental instruments and/or agents to obtain and maintain a criminal case and civil action against Affiant for gains not entitled. They unlawfully took all things of value from her (i.e., Life, Lifestyle; Liberty; Liberty Interest; Property; Marital Property; Real Property; Earing Capacity; Retirement Rights; Natural Rights; Personal Rights; Political Rights; they murdered Affiant's husband on paper to get their injured party (victim) to prosecute her; causing Affiant an abyss of pain and suffering (mental and physical)). Affiant believes she was most explicit concerning their tortious acts of trespass with malfeasance in her tort claims; and

38]        THAT, the United States has admitted and accepted its liability, therefore, this case need only proceed to a bench trial on the issue of injuries/damages; and

**WHEREFORE**, Affiant herein asks this Honorable Court for an Order of payment on all items as shown in her tort claims, the sum certain amounts of $ 186,384,440.17 and $ 3,908,223.57, a total of $ 190,292,663.74. Pursuant to 28 U.S.C.S. 2675(b), which is the very essence of their wrongdoings that remedy/compensation be available; and

## Conclusion

39]        THAT, 'There can be no sanction or penalty imposed upon one because of exercise of one's constitutional rights.' See Sherer v. Cullen, 481 F.2d 945 (9th Cir 1973); and

**Rebuttin affidavit**

40]      THAT, anyone wishing to rebut this affidavit must do so by opposing affidavit, point-for-point in writing, duly sworn under penalty of perjury, with unlimited commercial liability, under the 'Clean hands Doctrine.' A lack of response means assent to this affidavit and a fault U.C.C. § 1-209(16) exists creating a fraud through material misrepresentation. Failure to respond will constitute, as operation of law to stand as truth and fact in all law proceedings, an unrebutted affidavit by operation of law becomes a judgment; the parties may not argue, controvert or otherwise protest the finding entered by this Court, or in any subsequent administrative or judicial proceeding; and

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

(applicable to all successors and assigns U.C.C. §§ 1-201(25) and 1-201(27))

**Telephonic request**

41]      THAT, Affiant is a federal inmate, who is currently, unlawfully confined by the Bureau of Prisons at the Federal Correctional Institution, Dublin, California under void judgments. Affiant is unable to attend any hearing except 'telephonically.' If her presents is required or if she appears by telephone it will be necessary to call her case manager, Ms. Rutledge; and


THAT, this affidavit is signed and sworn to under penalty of perjury pursuant to 28 U.S.C.S. § 1746(2) by Astarte Davis-Rice (Affiant) at Dublin, California on this ___22ᵀᴴ___ day of ___October___ 2007.

Respectfully submitted,

_____
Astarte Davis-Rice

-14-

# 7004 2890 0004 0032 4328

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary.  See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: PROVOST MARSHAL<br>TORT Branch<br>Risk Management Office<br>DEPT. OF COMMERCE - Attn: Tim Conner<br>14th St. Between Constitution and<br>Pennsylvania N.W. Washington D.C. 20230 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Astarte Davis-Rice<br>01137-094 Unit A<br>Federal Correctional Institution<br>5701 8th Street - Camp Parks<br>Dublin, CA 94568 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☐ CIVILIAN | 4. DATE OF BIRTH<br>8/17/32 | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT<br>last occurrence 11/16/05 | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

SEE ATTACHED AFFIDAVIT IN SUPPORT OF TORT CLAIM

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

SAME AS ABOVE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTEND OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

SEE ATTACHED AFFIDAVIT IN SUPPORT OF TORT CLAIM

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

SEE ATTACHED AFFIDAVIT IN SUPPORT OF TORT CLAIM

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) | |
| See ATTACHED AFFIDAVIT - Page 2 item 5, through page 6<br>51 Witnesses plus Claimant | | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>See breakdown on Affidavit | 12b. PERSONAL INJURY<br>See breakdown on Affidavit - 80 incident | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) See Affidavit<br>$ 186,384,440.17 for breakdown |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM<br>1-26-07 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

**FILED**

NOV 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07 2072

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

USAPPC V1.00

Provost Marshal
TORT Branch
Risk Management Office
DEPARTMENT OF COMMERCE - Attn: TIM CONNER
14th Street Between Constitution and
    Pennsylvania N.W.
Washington, D.C. 20230

Dear Sir;

## AFFIDAVIT BY ASTARTE DAVIS-RICE, CLAIMANT,
## IN SUPPORT OF TORT CLAIM AND OF NEGATIVE AVERMENT

I, Astarte Davis-Rice, Claimant, Aggrieved Party, Uniform Commercial Code
(U.C.C.) § 1-201(2), hereinafter known as 'Affiant,' of age to contract and
competent to witness, make this sworn voluntary statement in support of her TORT
claim, pursuant to the First and Sixth Amendment to the United States Constitution;
having first-hand knowledge of the facts, and/or as Affiant understands the facts
according to a declared source of information contained below, declare and affirm
the following is true, correct, complete, certain, and not misleading to the best of
Affiant's personal knowledge and belief; and

> 'Indeed, no more than affidavit(s) is necessary to make the prima
> facie case.' See United States v. Kis, 658 F.2d 536, 538 (7th Cir.
> 1981), cert. denied on other grounds, 5 U.S.L.W. 2169, S.Ct. March
> 22, 1982; and

Numerous attempts have been made to settle and close, but the people involved
refuse to provide remedy. Thereby, causing great stress with fear of well being and
liberty. On August 16, 2005, Affiant filed an Independent Action, Case No. D.C. Civil
2005/118 at the District Court of the Virgin Islands, St. Croix Division, Christansted,
St. Croix, U.S. Virgin Islands; the respondents failed to response and defend the
case and further failed to request a time extendion in which to answer. Failure to
rebut the Independent Action by Affidavit means assent to the Affidavit and a fault
U.C.C. § 1-209(16). This constitutes as an operation of law, by tacit admission,
procuration, nihil decit, the statements and claims shall be deemed stare decisis; the
parties may not argue, controvert, or otherwise protest the findings entered by this
agency as an unrebutted affidavit stands as fact and truth in law; an unrebutted
affidavit becomes a judgment, and no controversy exists U.C.C. § 3-303. Remedy means
any remedial right as aggrieved party need not resort to a tribunal U.C.C. § 1-201(34).

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

1]      THAT, there are three (3) elements of every TORT action, all of which have
been met as seen below, and in the exhibits:  a) existence of legal duty from the
wrong doers; b) breach of duty; and c) personal injury/damage as proximate results;
and

2]      THAT, personal injuries/damages are by the direct operation of law, a legal
wrong committed upon Affiant, her person, her property and her rights; it was a
direct invasion of her legal and private rights by governments and private parties
working under color of law and/or acting as governmental instrument or agent; with
willful, intentional and knowing violations of law in their official and ex officio
duty, thereby, accruing personal injuries/damages to Affiant; and

3]      THAT, Affiant has rights under the Continuing Wrong Doctrine, under the
Doctrine, a cause of action for a continuous TORT accrues and the limitations period
begins when the tortious conduct ceases. That the government's continued refusal to
provide Affiant with remedy/relief she claims is due constitutes a 'continuing
criminal conspiracy' to deny Affiant her personal and legal rights, thus beinging
the case within the continuing TORT doctrine. The continuing TORT doctrine states
that a cause of action for a continuous TORT accrues and the limitations period

-1-

begins when the tortious conduct ceases. Generally, the doctrine applies only to acts which are by nature of a repetitive character and for which no singles act can be identified as the cause of significant harm. A continuous, cumulative claim of tortious activity, however, does not include the uncorrected denial of one's constitutional rights, even when done by a conspiracy over time. If it did, then all civil conspiracy cases would fall with its ambit, greatly expanding the doctrine beyond its original intent. The mere failure to right a wrong and make plaintiff whole cannot be a continuing wrong which tolls the statute of limitations for that is the purpose of any lawsuit and exception would obliterate the rule. The statute of limitations in such cases would become virtually meaningless. This is not a case of some unknown injury cumulating within Affiant due to some kind of repeated exposure: Affiant was basically well aware of the alleged acts in furtherance of the criminal conspiracy which occurred, as she has shown below; and

4]    THAT, the TORT occurred where the tortious act were committed, willfully, intentionally and knowingly; and are the direct result of personal injuries/damages caused by the following government (federal and Virgin Islands) employees, agencies, courts, and private parties working under color of law, as a governmental instrument and/or agent, to obtain and presue a now proven fraudulent criminal case and civil actions against Affiant for gain not entitled to; which did deprive Affiant of all her known and unknown rights under the laws, statutes, codes, constitution and others; and

5]    THAT, the conspirators working in concert and/or singly within the conspiracy; also libel under the continuing wrongs against Affiant for gain not entitled to; hereinafter known as CONSPIRATORS are as follows:

1)    DAVID M. NISSMAN - Chief Assistant United States Attorney, 56 King Street, Christiansted, St. Croix, U.S. Virgin Islands, in his official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

2)    TERRY M. HALPERN - United States Attorney, 56 King Street, Christiansted, St. Crox, U.S. Virgin Islands, in his official, ex official, under color of authority, color of law, and color of office capacities and also libel under the continuing wrong doctrine; and

3)    JAMES A. HURD - Chief United States Attorney, 56 King Street, Christiansted, St. Croix, U.S. Virgin Islands, in his official, ex official, under color of authority, color of law, and color of office capacities and also libel under the continuing wrong doctrine; and

4)    RAYMOND J. BRODERICK - Judge, District Court of the Virgin Islands, St. Croix Division, 3013 Estate Golden Rock, Christiansted, St. Crox, U.S. Virgin Islands, in his official, ex officio, under

color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

5)      RAYMOND L. FINCH - Chief Judge, District Court of the Virgin Islands, St. Croix Division, 3013 Estate Golden Rock, Christiansted, St. Croix, U.S. VIrgin Islands, in his official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

6)      J.L. RESNICK - Magistrate Judge, District Court of the Virgin Islands, St. Croix Division, 3013 Estate Golden Rock, Christiansted, St. Croix, U.S. Virgin Island, in his official, ex officio, under color of authority, color of law and color of office capacities; and

7)      GEORGE W. CANNON - Magistrate Judge, District Court of the Virgin Islands, St. Croix Division, 3013 Estate Golden Rock, Christiansted, St. Croix, U.S. Virgin Islands, in his official, ex officio, under color of authority, color of law and color of office capacities; and

8)      STANLEY S. BROTMAN - Acting Chief District Judge, District Court of the Virgin Island, St. Croix Division, 3013 Estate Golden Rock, Christiansted, St. Croix, U.S. Virgin Islands, in his official, ex officio, under color of authority, color of law and color of office capacities; and

9)      ANNE E. THOMPSON - Judge, District Court of the Virgin Islands, St. Croix Division, 3013 Estate Golden Rock, Christiansted, St. Croix, U.S. Virgin Island, in her official, ex officio, under color of authority, color of law and color of office capacities; and

10)     UN-NAMED - Judge, United States District Court, 515 Rusk Street, Houston, Texas, in his/her official, ex officio, under color of authority, color of law and color of office capacities; and

11)     UN-NAMED - Assistant United States Attorney, 515 Rusk Street, Houston, Texas, in his/her official, ex officio, under color of authority, color of law and color of office capacities; and

12)     UN-NAMED - United States Attorney, 515 Rusk Street, Houston, Texas, in his/her official, ex officio, under color of authority, color of law and color of office capacities; and

13)     _____ SPINETTA - Judge, Contra Costa Superior Court, Martinez, California, in his/her official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

14)     UN-NAMED - Judge, Contra Costa Probate Court, Martinez, California, in his/her official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

15)     UN-NAMED - Attorney General, United States Department of Justice, Washington, D.C., in his/her official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

16)     UN-NAMED - Attorney General, Virgin Islands Department of Justice, U.S. Virgin Islands, in his/her official, ex officio, under color of

authority, color of law and color of office capacities and also libel under libel under the continuing wrong doctrine; and

17)    UN-NAMED - Attorney General, Virgin Islands Department of Justice, U.S. Virgin Islands, in his/her official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

18)    GOVERNMENT OF THE VIRGIN ISLAND - St. Croix Division, U.S. Virgin Islands, in its official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

19)    UNITED STATES OF AMERICA - St. Croix, U.S. Virgin Islands, in its official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

20)    UNITED STATES OF AMERICA - Houston, Texas, it its official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

21)    FEDERAL BUREAU OF INVESTIGATION (FBI) - Puerto Rico field office, Agency for the United States Virgin Islands, in its official, ex officio, under color of authority, color of law and color of office capacities; and

22)    UNITED STATES CUSTOMS - St. Croix, U.S. Virgin Islands, in its official, ex officio, under color of authority, color of law and color of office capacities; and

23)    UN-NAMED - Agents, Federal Bureau of Investigation, Christiansted, St. Croix, U.S. Virgin Islands, working out of the Puerto Rico field office, in their official, ex officio, under color of authority, color of law and color of office capacities; and

24)    UN-NAMED - Agents, United States Customs, St. Croix Division, Christiansted, St. Croix, U.S. Virgin Islands, in there official, ex officio, under color of authority, color of law and color of office capacities; and

24)    UN-NAMED - Agents, Federal Bureau of Investigation, Santa Barbara, California, in their official, ex officio, under color of authority, color of law and color of office capacities; and

25)    UN-NAMED - Officers, Mill Valley Police Department, Mill Valley, California, in their official, ex officio, under color of authority, color of law and color of office capacities: and

26)    MILL VALLEY POLICE DEPARTMENT - Mill Valley, California, in its official, ex officio, under color of authority, color of law and color of office capacities; and

27)    KATHLENE MARIE CLEMENTS - c/o J. Kenneth Gorman, Attorney, 225 W. Santa Clara Street, #950, San Jose, California, a private party working in concert and/or singly with the conspiracy for gain not intitled to, under color of law and/or acting as governmental instrument and/or agent, also libel under the continuing wrong doctrine; and

28)    WILLIAM CLEMENTS - c/o J. Kenneth Gorman, Attorney, 225 W. Santa Clara Street, #950, San Jose, California, a private party working in



concert and/or singly with the conspiracy for gain not intitled to,
under color of law and/or acting as governmental instrument and/or
agent, also libel under the continuing wrong doctrine; and

29)     J. KENNETH GORMAN - Attorney, private, 225 W. Santa Clara
Street, San Jose, California, a private party working in concert and/or
singly with the conspiracy for gain not entitled to, under color of law
and/or acting as governmental instrument and/or agent, also libel under
the continuing wrong doctrine, and within named private offices; and

30)     DOUGLAS BRADY - Attorney, private, 7 Church Street, Christiansted,
St. Croix, U.S. Virgin Islands, a private party working in concert and/or
singly with the conspiracy for gain not entitled to, under color of law
and/or acting as governmental instrument and/or agent, also libel under
the continuing wrong doctrine, and within named private offices; and

31)     DENNIS SHERAW - Investigator, private, Christiansted, St. Croix,
U.S. Virgin Islands, a private party working in concert and/or singley
with the conspiracy for gain not entitled to, under color of law and/or
acting as governmental instrument and/or agent, also libel under the
continuing wrong doctrine, and within named private offices; and

32)     SHERAW INVESTIGING SERVICES - Christiansted, St. Croix, U.S.
Virgin Islands, in its official, ex officio, under of authority, color
of law and color of office capacities; and

33)     JACOBS & BRADY     - Attorneys at Law, private, 7 Church Street,
Christiansted, St. Croix, U.S. VIrgin Islands, in its official, ex officio,
under color of authority, color of law and color of office capacities; and

34)     LILLIAN SPANSEL - 575 6th Ave., Sweet Home, Oregon, a private party
working in concert and/or singly with the conspiracy for gain not entitled
to, under color of law and/or acting as governmental instrument and/or
agent; and

35)     BRENDA DEVANEY - 575 6th Ave., Sweet Home, Oregon, a private party
working in concert and/or singly with the conspiracy for gain not entitled
to, under color of law and/or acting as governmental instrument and/or
agent; and

36)     PRIVATE PARTIES ALSO WORKING UNDER THE NAME OF:  ESTATE OF JAMES
MERRILLS RICE - A fraudulent estate created by the conspiracy working in
concert and/or singly within the conspiracy for gain not entitled to,
also libel under the continuing wrong doctrine, c/o J. Kenneth Gorman,
Attorney, private, 225 W. Santa Clara Street, #950, San Jose, California;
and

37)     JENNINGS LAW FIRM - 2 North Second Street, San Jose, California,
office of J. Kenneth Gorman, Attorney, working in concert and/or singly
with the conspiracy for gain not entitled to, under color of law and/or
under color of authority and color of office capacities; and

38)     LAW OFFICE OF J. KENNETH GORMAN - 5900 Butler lane, #100, Scotts
Valley, California, working in concert and/or singly with the conspiracy
for gain not entitled to, under color of law and/or under color of
authority and color of office capacities; and

39)     ELLIOTT & ELLIOTT - 225 W. Santa Clara Street #950, San Jose,
California, working in concert and/or singly with the conspiracy for gain
not entitled to, under color of law and/or under color of authority and
color of office capacities; and

40)    ANTON L. CHRISTIAN - Chief Virgin Islands Police Department, St. Croix Division, Fredicsted, St. Croix, U.S. Virgin Islands, in his official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

41)    JAMES RHYMER - Detective in charge, Virgin Islands Police Department, St. Croix Division, Fredicsted, St. Coix, U.S. Virgin Islands, in his official, ex officio, under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

42)    LAWRENCE MOTTA - Assistant Detective, Virgin Islands Police Department, St. Croix Division, Fredicsted, St. Croix, U.S. Virgin Islands, in his official, ex officio, and under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

43)    VIRGIN ISLANDS POLICE DEPARTMENT - St. Croix Division, Fredicsted, St. Croix, U.S. Virgin Islands, in its official, ex officio, and under color of authority, color of law and color of office capacities and also libel under the continuing wrong doctrine; and

44)    THURSTON T. McKELVIN - Federal Public Defender, 1115 Strand Street, Christiansted, St. Croix, U.S. Virgin Islands, in his official, ex officio, under color of authority, color of law and color of office capacities, and also libel under the continuing wrong doctrine; and

45)    SCHELIA A. CLARK - Warden, Federal Correctional Institution, 5701 8th Street - Camp Parks, Dublin, California, in her official, ex officio, under color of authority, color of law and color of office capacities, also libel under the continuing wrong doctrine; and

46)    BOARD OF PAROLE COMMISSION - Virgin Islands, Kingshill, St. Croix, U.S. Virgin Islands, in their official, ex officio, under color of authority, color of law and color of office capacities, also libel under the continuing wrong doctrine; and

47)    RUPERT W. O'BRYAN - United States Probation Officer, St. Croix Division, 3013 Estate Golden Rock, Christiansted, St. Croix, U.S. Virgin Islands, in his official, ex officio, under color of authority, color of law and color of office capacities; and

48)    LIONEL A. TODMAN - Chief United States Probation Officer, 5500 Veterans Dr. #335, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, in his official, ex officio, under color of authority, color of law and color of office capacites; and

49)    LORI CRUZ - Financial Litigation Unit, U.S. Department of Justice, 5500 Veterans Drive #260, St. Thomas, U.S. Virgin Islands, in her official, ex officio, under color of authority, color of law and color of office capacities; and

49)    IRA PHILLIPS - Warden, Golden Grove Adult Correction Facility, Kingshill, St. Croix, U.S. Virgin Islands, in his official, ex officio, under color of authority, color of law and color of office capacities, also libel under the continuing wrong doctrine; and

51)    GOLDEN GROVE ADULT CORRECTION FACILITY - Kingshill, St. Croix, U.S. Virgin Islands, in its official, ex officio, under color of authority, color of law and color of office capacities, also libel under the continuing wron doctrine; and

-6-

6]    THAT, Affiant has completed her remedies as she has presented her cause to the District Court of the Virgin Islands, St. Croix Division, St. Croix, U.S. Virgin Islands in a civil action (as shown below), thereby she has judgment by law which cannot be controverted; she thereby files this TORT claim; and

7]    THAT, this TORT claim is the direct result of the wrongs and the continuing wrong doings against Affiant through present day by the CONSPIRATORS as shown above, working in concert and/or singly within the conspiracy which has caused personal injury/damages and has deprived her of the following:

a.    LIFE: That state of humans, or of an organized being, in which its natural functions and motions are performed; the interval between birth and death. 'Life' protected by the Constitution includes all personal rights and their enjoyment of the faculties, acquiring useful knowledge, the right to marry, establish a home, and bring up children, freedom of worship, conscience, contract, occupation, speech, assembly and press; and

b.    Deprived of her LIBERTY: Freedom from all restraints, as guaranteed and protected by constitutional provisions denotes not only freedom from unauthorized physical restraint, but embraces also the freedom of an individual to use and enjoy her faculties in all lawful ways, acquire useful knowledge, marry establish a home, and bring up children, worship God according to the dictates of her own conscience, live and work where she chooses, engage in any of the common and lawful occupations of life, enter into all contracts which may be proper and essential to carrying out successfully the foregoing purposes, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free people; and

c.    Also being deprived of her LIBERTY INTEREST: An interest recognized as protected by the due process clauses of state and federal constitutions. U.S.C.A. Const. Ament. 5 and 14. Generally included are liberties guaranteed by the first eight amendments of the United States Constitution; and

d.    Deprived of her FREEDOM: The state of being free according to the dictates of the will, without other check, hindrance, or prohibition. The prevalence, in the government and constitution of a country, of such a system of laws and institutions as secure civil liberty to the individual citizen. And, has been deprived of all other 'Freedoms,' known to mankind; and

e.    And further deprived of her PROPERTY: That which is peculiar or proper to any person; which belongs exclusively to one. In the strict legal sense, and aggregate of rights which are guaranteed and protected by the government. The term is said to extend to every species of valuable right and interest. More specifically, ownership; the unrestricted and exclusive right to a thing; the right to dispose of a thing in every legal way, to possess it, to use it, and to exclude every one else from interfering with it. Property meaning anything of value, including real estate, tangible and intangible personal property, contract rights, choses-in-action and other interest in or claims to wealth; and

f.    And deprived of MARITAL PROPERTY: Such as property purchased or otherwise accumulated by spouses while married to each other. Marital rights and duties arising from marriage contract and constituting its object, and therefore embracing what the parties agree to perform towards each other. Rights of husband and wife to a specified share of other's personal estate upon death of other; and

g.    Deprivated of her RIGHTS: Rights are also classified in constitutional

-7-

law as natural, civil, political and personal. <u>Natural</u> rights are those which grow out of the nature of man, as distinguished from such as are created by law; or they are those which are plainly assured by natural law; or those which, by fair deduction from the present physical, moral, social, and religious characteristics of man. Such are the rights of life, liberty and privacy. Now, <u>Civil</u> rights are such as belongs to every citizen of the state or country, or, in a wider sense, to all its inhabitants. They include the rights of property, marriage, equal protection of the laws, freedom of contract, etc. Or, as defined, civil rights are rights appertaining to a person by virtue of her citizenship in a state or community. Also, applied to certain rights secured to citizens of the United States by the Thirteenth and Fourteenth Amendments to the Constitution, and by various acts of Congress. <u>Political</u> rights consist in the power to participate, directly of indirectly, in the establishment or adminstration of government, such as the right of citizenship, that of suffrage, the right to hold public office and the right to petition.

     h.    Deprivated of her PERSONAL RIGHT: Personal rights is the right of personal security comprising those of life, limb, body, health, reputation; and the right of personal liberty; and

     i.    Deprived of her LIFESTYLE: The CONSPIRATORS working in concert and/or singly within the conspiracy did further deprive Affiant of her 'lifestyle,' as she knew it to be, and had been; a certain way of life with her family, friends, associates in business, doing business, jet setting, etc, of many years; and

8]    THAT, the CONSPIRATORS did violate the American Convention on HUMAN rights, which provides that 'no one shall be deprived of his/her physical liberty except for reasons and under the conditions established beforehand by the constitution of the State concerned or by a law established pursuant thereto' and the 'no one shall be subject to arbitrary arrest or false imprisonment; and

9]    THAT, the tortious wrongs citied in the attached exhibits are some of the actions taken in violation of Affiant's personal rights, rights under federal laws, statutes, Constitution, and Virgin Islands codes, thereby false imprisonment, under a fraudulent criminal case by the CONSPIRATORS (federal and local judical, executive, private parties, governments, and other, as shown above) within a criminal conspiracy for gain not entitled; and

10]    THAT, <u>Exhibit A</u>, is an unrebutted affidavit, now a judgment by law; filed August 16, 2005, an Independent Action, Case No. D.C. Civil 2005/118, District Court of the Virgin Islands (United States District Court), St. Croix Division, U.S. Virgin Islands stating Affiant's claims of tortious acts by the above CONSPIRATORS; and

11]    THAT, when the CONSPIRATORS failed to answer and defend the case and further failed to request a time extendtion in which to answer the above affidavit (EX: A), thereby a writ of execution has been agreed to, and the facts as set forth in Affiant's pleadings were admitted as truth under law; and

12]    THAT, there has been a lack of response on the part of the CONSPIRATORS; which means assent and a fault, U.C.C. § 1-201(16) exists creating fraud through material

misrepresention, which vitiates all forms, contracts, and agreements, expressed, and/or implied, nunc pro tunc, U.C.C. § 1-103; and

13]    THAT, refusal/failure/neglect to provide Affiant with a response whatsoever, therefore or therefrom, shall now be deemed incontrovertible, conclusive evidence that no true charge existed, that denied Affiant her fundamental right to due process of law, protections of her constitutionally secured rights, causing Affiant personal injury and damages for which the CONSPIRATORS in their willful, intentional and knowing failure to defend the case have agreed to be liable; and

14]    THAT, failure of the CONSPIRATORS to respond did constitute, as an operation of law, the tacit admission, procuration, nihil dicit, and all statements and claims shall be deemed stare decisis; the CONSPIRATORS may not argue, controvert, or other wise protest any subsequent administrative or judicial proceedings, as the unrebutted affidavit stands as fact in all law proceedings; and

15]    THAT, on October 18, 2005, Affiant did send her Motion for Summary Judgment, again the CONSPIRATORS failed to respond and to defend the case. Thereby, Affiant's unrebutted affidavit and motion stands as fact in law proceedings, and becomes a judgment. Thereby, no genuine issues of material fact exists. Affiant is entitled to summary judgment on its own merits as a matter of law. See Exhibit B; and

16]    THAT, the private parties as CONSPIRATORS within their private capacities and under their own office capacities did work at all time singly and/or jointly with all other CONSPIRATORS singly and/or jointly within the conspiracy, under color of law and/or acting as governmental instrument and/or agent, also libel under the continuing wrong doctrine; all CONSPIRATORS working in concert and/or singly within the conspiracy for gain not due them within their chain criminal conspiracy did knowingly go forward in their criminal case against Affiant with lack of personal and/or subject matter jurisdiction, with willful intent to do personal injury to Affiant in a continuing wrong doing from the inception through present, each and all with their own agendas; in a scheme to defraud Affiant of her real and personal property for their own benefit, working under color of law and office, with abuse of process, a vindictive prosecution with special malice; while violating Affiant's guaranteed constitutional rights, Fourth, Fifth and Sixth Amendments of the United States Constitution, and further violating Virgin Islands codes, federal statutes and laws; while knowingly pursuing unjust punishment against Affiant; and

17]    THAT, the following are the personal injuries/damages caused by the undefended actions (not listed in order) by one or more of the CONSPIRATORS (listed above) in each claim as shown in Affiant's TORT CLAIM; hereinafter known as the CONSPIRATORS; for which Affiant has suffered; and see unrebutted Affidavit EX: A:

18] THAT, Judge Finch (CONSPIRATOR) by leave of the District Court of the Virgin Islands has willfully, intentionally and knowingly failed to respond in any way in this matter (Independ Action (see EX: A and B)). Thereby, libel under the continuing wrong doctrine to cause personal injury/damages to Affiant: $ 539,653.00; and

19] THAT, from the inception of this now found fraudulent cause, Affiant became notorious due to the CONSPIRATORS going public; first being the talk of the local people on an inland eight miles wide by thirty five miles long; and then the CONSPIRATORS took their unfounded tale of an untrue capital crime and went national (all medias); this was the beginning of Affiant being deprived of lifestyle as she knew it to be; her constitutional rights of privacy, freedom from intrusion and/or public attention, by the known forming of the conspiracy, causing personal injury/ damages to Affiant: $ 3,873,542.00; and

20] THAT, the CONSPIRATORS under known defective indictments/informations did willfully, intentionally, and knowingly for their own gain with lack of personam and subject matter jurisdiction went forward to file criminal charges that deprived Affiant of life, liberty, property and rights causing personal injury/damages to Affiant: $ 5,295,613.00; and

21] THAT, from the beginning the CONSPIRATORS did willfully, intentionally and knowingly for their own gain ordered the unlawful arrest of Affiant without process followed by her imprisonment, false imprisonment consists of the nonconsensual, intentional confinement of Affiant, without lawful privilege, for an appreciable length of time, however short causing personal injury/damages to Affiant: $ 2,795,643.00; and

22] THAT, Affiant was a self-surrender under defective indictment/information and under fraudulent warrants to the U.S. Marshals at Houston, Texas, the court gave her bail; she then was a self-surrender at the District Court of the Virgin Islands, St. Croix whereby the CONSPIRATORS did refuse to give her bail and held her at the Golden Grove Adult Correctional Facility at Kingshill, St. Croix, U.S. Virgin Islands, a men's prison, Affiant never was nor was she given a copy with attached affidavits of the warrants; thereby, deprived Affiant of her life, liberty and due process, causing personal injury/damages to Affiant: $ 1,718,654.00; and

23] THAT, the CONSPIRATORS within the District Court of the Virgin Islands and the United States District Court at Houston Texas did willfully, intentionally and knowingly allowed the filing of criminal charges against Affiant for gain they were not entitled to under defective indictment/informations, whereby, the courts lacked personam and subject matter jurisdiction to hear case and sentence Affiant (thereby, void judgments); which deprived her of life, liberty, property and rights; causing

personal injury/damages to Affiant: $ 3,117,624.00; and

24]    THAT, the CONSPIRATORS make sure Affiant never saw or received copies of the defective indictments/informations with attached sworn affidavits, thereby, lack of full disclosure, as they were not framed to apprise her of the nature and cause against her; thereby, void judgments, which has deprived Affiant of her life, liberty, property and rights, causing personal injury/damages to Affiant: $ 661,203.00; and

24]    THAT, due to the CONSPIRATORS the indictments/informations failed to contain or specify the essential elements of each and every charge; also, they failed to show intent which is a material ingredient of the crime, and must be shown; there was no criminal intent and/or criminal mind; thereby, lost of subject matter jurisdiction; and violation of Affiant's rights, the above did deprive her of her life and liberty, causing personal injury/damages to Affiant: $ 806,199.00; and

25]    THAT, the CONSPIRATORS (private parties) the detective did file all his finding with the prosecutor, the government did not due their own investigation, violation of due process; causing personal injury/damages to Affiant: $ 479,617.00; and

26]    THAT, the Government of the Virgin Islands' (CONSPIRATOR) information was not signed by the Virgin Islands Attorney General with his title, an intentional violation of due process, thereby, no valid Virgin Islands information to charge Affiant and no jurisdiction to prosecute her, which took her life, liberty, property and rights; causing personal injury/damages to Affiant: $ 697,117.00; and

27]    THAT, due to the CONSPIRATORS there was total lack of full disclosure, Affiant was entitled by law to full disclosure of all facts in her case, anything less would not be full disclosure under law, violation of due process, which deprived Affiant of her freedom causing personal injury/damages to Affiant: $ 816,975.00; and

28]    THAT, due to the CONSPIRATORS Affiant was never presented with copies of the criminal complaint with attached sworn affidavits, thereby, violation of due process with knowing lack of subject matter jurisdiction to charge Affiant; depriving her of life, liberty, property and rights; causing personal injury/damages to Affiant: $ 585,679.00; and

29]    THAT, due to the CONSPIRATORS Affiant was never advised of the investigations by the Virgin Islands and Texas grand juries; lack of full disclosure, thereby, deprived Affiant of her rights, causing personal injury/damages to Affiant: $ 398,783.00; and

30]    THAT, due to the CONSPIRATORS Affiant was never given the right to challenge the array of grand jurors in Virgin Islands and Texas, due process violation, as she had to answer to the district Court, causing personal injury/damages to Affiant: $ 374,519.00; and

31]    THAT, the CONSPIRATORS did cause the setting of a Texas grand jury, which did participate for the sole purpose of gathering evidence for the use of the Virgin Islands pending prosecution against Affiant - an arbitrary fishing expedition that took her life, liberty, property and rights, causing personal injury/damages to Affiant: $ 876,919.00; and

32]    THAT, Affiant was never informed she was being investigated by the California grand jury, she was never given the right to challenge any grand juror before being seated; Affiant was further deprived of due process when she entered her plea of guilty before the Magistrate Judge, thereby, the court refused to except her guilty plea and entered a plea in her behalf on the record, thereby violating its own rules; loss of subject matter jurisdiction; but they prosecuted and sentenced any way, depriving Affiant of her life, liberty and rights, causing personal injury/damages to Affiant: $ 2,395,648.00; and

33]    THAT, the grand jury in the Virgin Islands, Texas and California were not selected, drawn or summoned in accordance with law; due to the illegally constituted grand juries Affiant was severely prejudice by misprison, she has suffered lost of life, liberty, property and rights, causing personal injury/damages to Affiant: $ 4,917,648.00; and

34]    THAT, working in concert within the conspiracy, the prosecutor, David Nissman, Chief Assistant U.S. Attorney (CONSPIRATOR) did have his own agenda for gain, thereby, vindictive prosecution, but for this vindictive prosecution Affiant would not have been deprived of her life, liberty, property and rights; due to his continuing wrongs against Affiant she is still in prison; thereby, causing personal injury/damages to Affiant: $ 7,986,754.00; and

35]    THAT, working in concert within the conspiracy, the CONSPIRATORS, Rhymer, Motta and Christian, Virgin Island Police Department, St. Croix; did have their own agendas for gain, while working with/for the private parties of the conspiracy; acting as governmental instrument or agent; but for this unlawful gain, which they were not entitled, Affiant would have never been prosecuted and deprived of her life, liberty, property and rights, they are also libel under the continuing wrong doctrine; causing personal injury/damages to Affiant: $ 1,763,549.00; and

36]    THAT, within this continuing conspiracy the United States of America (Texas, Virgin Islands, California) and the Government of the Virgin Islands, CONSPIRATORS, who are corporations and can only file suit against corporations; such as ASTARTE DAVIS-RICE (ENS LEGES) (all upper case), created and made into a corporation by the United States government, but Affiant, Astarte Davis-Rice, flesh and blood (upper and lower case), sits in prison in place of the STRAWMAN, a corporation as seen in EX: A

(unrebutted affidavit now a judgment by law) depriving her of her life, liberty, property and rights; causing personal injury/damages to Affiant: **$ 6,539,438.00**; and

37]    THAT, the United States government under the United States Constitution has only been authorized two federal crimes a) treason, and b) counterfeiting; all other crimes are matters of State jurisdiction; Affiant is not guilty of either one of these federal crimes, but, she has been charged by the federal government for State crimes not under their jurisdiction in four judgments, thereby, depriving her of life, liberty, property and rights; causing personal injury/damages to Affiant: **$ 975,617.00**; and

38]    THAT, the unrebutted affidavit (EX: A), now a judgment by law, mandated all of Affiant's judgments as void; in this continuing wrong doing by the CONSPIRATORS against Affiant, she has not as yet been given her remedies; thereby continuing to deprive her of life, liberty, property and rights; causing personal injury/damages to Affiant: **$ 4,000,000.00**; and

39]    THAT, working within the conspiracy and against Affiant a) the CONSPIRATOR, Judge Broderick, District Court of the Virgin Islands, St. Croix, lacked his oath of office, which equals no lawful court judgments, b) Judge Broderick lacked jurisdiction to try Affiant's case, c) Judge Broderick failed to properly sign the judgments, thereby, judgments are void, d) judgments lacked corresponding Finding of Facts and Conclusions of law, thereby, no charge can be made against Affiant, e) judgments must be supported by affidavit for the Judge Broderick to sign them - they were not; all of which deprived Affiant of life, liberty, property and rights, causing personal injury/damages to Affiant: **$ 3,697,329.00**; and

40]    THAT, the United States Supreme Court has stated that; any judge, prosecutor, or public defender (CONSPIRATORS) who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. If a judge does not fully comply with the Constitution then his orders are void. In the case of the prosecutor, he lacks authority to prosecute and the public defender cannot defend the defendant. In this case they all engaged in acts in violation of the Supreme Law of the Land depriving Affiant of her life, liberty, property and rights, causing personal injury/damages to Affiant: **$ 2,943,276.00**; and

41]    THAT, Judge Broderick of the District Court of the Virgin Islands, CONSPIRATOR, did knowingly, willfully, intentionally did violate Affiant's due process in fair sentencing under Virgin Islands code, thereby, depriving her of life, liberty, property and rights, causing personal injury/damages to Affiant: **$ 970,327.00**; and

42]    THAT, the judges of the District Court of the Virgin Islands, St. Croix, CONSPIRATORS, intentionally, willfully and knowingly allowed the federal government and the Government of the Virgin Islands (CONSPIRATORS), to file criminal charges, now proven illegal, against Affiant without a true victim and without a victim there is/was no case, causing personal injury/damages to Affiant: **$ 5,000,000.00**; and

43]    THAT, Judge Broderick of the District Court of the Virgin Islands, St. Croix, did intentionaly, willfully and knowingly failed to verify the charges against Affiant and the agreements between the the federal and local government (CONSPIRATORS), therefore, no civil assessment to legally charge Affiant, depriving her of life, liberty, property and rights, causing personal injury/damages to Affiant: **$ 679,386.00** ; and

44]    THAT, the CONSPIRATORS did cancel all of Affiant's business, personal and marine insurances, thereby, she could not function in the community, causing personal injury/damages to Affiant: **$ 279,564.00**; and

45]    THAT, the CONSPIRATORS did take 'one' crime spreey, now proven fraudulent, and divided it between themselves, coming up with multiple violations; a violation of Double Jeopardy, which further deprived Affiant of life, liberty, property and rights, causing personal injury/damages to Affiant: **$ 754,895.00**; and

46]    THAT, the CONSPIRATORS under the continuing wrong doctrine against Affiant did take away her earned and awarded year off for completing the 500-hour drug program, pursuant to 18 U.S.C. § 3621, saying she is a flight risk, thereby extending her incarceration, causing personal injury/damages to Affiant: **$ 69,554.00**; and

47]    THAT, Affiant's attorney, McKelvin, Federal Public Defender, CONSPIRATOR, did with reckless disregard for her best interests, and with legal negligence, when he did not file any motions in her behalf to dismiss, Affiant has a right to conflict-free representation, from the beginning he did abandon his duty of loyalty to his client and did effectively join the conspiracy, depriving Affiant of her freedom, causing personal injury/damages to Affiant: **$ 2,217,554.00**; and

48]    THAT, the CONSPIRATORS did close Affiant and her husband's (James Rice) local bank account, thereby, she was unable to survive on the island, due to the now found illegal criminal case against her, thereby, causing personal injury/damages to Affiant: **$ 100,000.00**; and

49]    THAT, the CONSPIRATORS knew Affiant did not have criminal intent nor a guilty mind, she was unaware of wrongdoing - it was wholly passive conduct on her part to protect her own assets; to prosecute her was in violation of due process, but prosecute they did, for their own benefit and gain, causing personal injury/damages to Affiant: **$ 3,297,974.00** ; and

50]    THAT, due to the CONSPIRATORS in their continuing wrongs against Affiant, they did tell her case manager that she was liable for restitution for the next twenty years under MVRA, when in fact, under law and statute, this is a violation of the Ex Post Facto Clause of the Constitution, as Affiant was sentenced under WAPA, where restitution is payable for five years after the finish of sentence and/or term of probation, there is no probation in this case and Affaint finished service of her case over ten years ago, thereby, causing personal injury/damages to Affiant: **$ 529,566.00** ; and

51]    THAT, the Fourth, Fifth and Sixth Amendments are carved in stone, and they are cumulative, they are not independent or elective unless someone knowingly chooses to forfeit one of the specific rights, Affiant did not. If one of the constitutionally secured rights is bypassed, administrative office, including the United States Attorney, Department of Justice, and the courts of the United States, lack or lose subject matter jurisdiction. This is the essence of the Fifth Amendment guarantee that no person shall be deprived of life, liberty, property and rights, without due process of law. Affiant was never afforded due process in the now proven fraudulent criminal charges against her. When due process is denied, as shown in her unrebutted affidavit, now a judgment by law, all jurisdiction ceases, absence of jurisdiction, all judicial proceeding are a nullity and confer no rights; however due to the CONSPIRATORS Affiant was sent to prison, and the effect's by these arbitrary actions has nothing to do with duration of their wrongful acts against Affiant, causing personal injury/damages to Affiant: **$ 4,679,856.00**; and

52]    THAT, the CONSPIRATORS did approve the presentencing report (PSR) with stated offense conduct, without any mind to the truth, thereby, did willfully, knowingly and intentionally file the report deprivating Affiant of due process; causing personal injury/damages to Affaint: **$ 603,606.00**; and

53]    THAT, the federal and local governments and the Virgin Islands Police, CONSPIRATORS, without authorized warrants did rummage through Affiant's possessions looking for evidence of an alleged capital crime, on more than one occasion; a capital crime contrived by the CONSPIRATORS; due process violation, causing personal injury/damages to Affaint: **$ 151,214.00**; and

54]    THAT, the federal and local governments, CONSPIRATORS, lacked probable cause to issue warrants, Affiant never saw or was given her copies with attached affidavits; stating the necessary particulars about the places to be searched and things to be searched for - nor was she given a copy of the inventory of things taken, due process violation, causing personal injury/damages to Affiant: **$ 197,616.00** ; and

55]     THAT, the CONSPIRATORS did issue a search and seizure warrant to the private
parties (working under color of law and/or acting as government instrument or as
agents) for Affiant's personal property stored in California; to assist law
enforcement efforts and to further their own ends, causing personal injury/damages
to Affiant: **$ 189,999.00** ; and

56]     THAT, the federal (Virgin Islands and Texas) and local governments admits
(through the unrebutted affidavit) that they knew of and did acquiesced to the plan/
scheme presented by the private parties, CONSPIRATORS, against Affiant, and did
pursue it for their own benefit and gain, thereby, began the formation of the
criminal conspiracy, causing personal injury/damages to Affiant: **$ 1,000,000.00**;
and

57]     THAT, the prosecutor, Nissman and/or Judge Broderick, CONSPIRATORS, failed
to advise Affiant of the assessment/voucher (civil) to charge a claim (criminal),
they have now accused/alleged an assessment without providing Affiant with the
pay-voucher to accept the offer charged, therefore, no acceptance of the assessement
and charge by Affiant, which the CONSPIRATORS, willfully, intentionally and
knowningly with-held from Affiant, by which they brought their now known fraudulent
charges. Affiant is entitled to full disclosure of all facts in her case anything
less would not be full disclosure under the law, as all crimes are commercial (a tax
assessment C.F.R. Part 72.11); as seen in EX: A, the above is broken down as to the
right of full disclosure violations; as was the knowledge of a bond/payoff/acceptance
was possible, violation of due process, causing personal injury/damages to Affiant:
**$ 2,117,064.00**; and

58]     THAT, the Plaintiff in all criminal tax cases in the U.S.A. is the Paine
Webber Group as the 'United States of America,' owner of the prison systems in
American 'Correction Corp. of America (CCA),' headquarted in Nashville, Tennessess
owns all private prison systems in America and are selling the commercial paper; and
not at any time has Affiant wronged the 'Paine Webber Group,' and/or 'United States
of America,' this corporation has no jurisdiction to charge and prosecute Affiant
and to take her life, liberty, property and rights, causing personal injury/damages
to Affaint: **$ 5,000,616.00**; and

59]     THAT, the CONSPIRATORS did violate the Virgin Islands 'Bill of Rights' and the
'Virgin Islands Constitution' when they criminally charged Affiant, causing personal
injury/damages to Affiant: **$ 1,763,999.00** ; and

60]     THAT, the CONSPIRATORS under the continuing wrong doctrine did appear before
the U.S. Board of Parole and wrote letters to be placed in Affiant's BOP central file
stating she had murdered James Rice, her husband; this statement is unfounded and

untrue, but did the job the CONSPIRATORS wanted, their tale contaminated Affiant's file, paving the way for further injustice to Affiant, causing personal injury/damages to Affiant: **$ 379,614.00**; and

61]    THAT, the CONSPIRATORS did introduce and allowed unconstitutional exparte statements concerning the alleged murder of Affiant's husband, James Rice, the contrived injured party (not an issue before the court) without notice, at Affiant's sentencing which did breach the plea agreement and contaminate the sentencing. Thereby, the CONSPIRATORS did willfully, intentionally and knowingly subject Affiant to vindictive prosecution that caused personal injury/damages to Affiant:
**$ 1,713,223.00**; and

62]    THAT, the CONSPIRATORS did with fraudulent behavior and false presumptions did knowingly go forward in Affiant now proven illegal criminal case without personam or subject matter jurisdiction. The voluntariness of Affiant's change of plea and the acceptance of plea agreement was overborne by the totality of all the surrounding circumstances, thereby not voluntary. The change of plea did further the CONSPIRATORS in their illegal financial gain through a civil case. The CONSPIRATORS did systematically with the private parties working under color of law and/or acting as governmental instrument or agents within the conspiracy, knowingly, willingly, recklessly with force and intent to defraud, mislead, intimidate, coerce, misdirect, and hinder did extort real and personal property, they took unauthorized control from Affiant, which was not due them for gain and enrichment for themselves; these actions are also libel under the continuing wrong doctrine, causing personal injury/damages to Affiant: **$ 5,941,987.00** ; and see Exhabit D; and

63]    THAT, the CONSPIRATORS used their ongoing fraudulent scheme to make fictitious statments, representations and writings of an alleged capital crime, thereby, did instigate an unreasonable warrant with seizure by the U.S. Customs, CONSPIRATOR, of Affiant's sport fishing boat called Fish Eagle, causing personal injury/damages to Affiant: **$ 458,625.00** ; and

64]    THAT, the CONSPIRATORS did in fraud take control of Affiant's property known as Salt River Properties, lots 18, 19, 20, 21 and 24, all with beach frontage on the Caribbean Sea for their own gain, which they were not entitled, causing personal injury/damages to Affiant: **$ 2,300,000.00** ; and

65]    THAT, the CONSPIRATORS did in fraud take control of Affiant's real and personal property located on lot 22, Salt River Properties with beach frontage on the Caribbean Sea for their own gain, for which they were not entitled, causing personal injury/damage to Affiant: **$ 700,000.00**; and

66]    THAT, the CONSPIRATORS did willfully and intentionally force Affiant's Virgin

Islands business called Southern Cross Charter Service out of business, thereby, losing her asset as well as future income, causing personal injury/damages to Affiant: **$ 915,000.00**; and

67]    THAT, the CONSPIRATORS did charge Affiant with conspiracy and sentence her to five years probations; at sentencing the court did delete the one and only co-defendent in her case, thereby, no conspiracy, but she still has five years probation, thereby, an illegal sentence; which continues to take Affiant's life, liberty, and rights, causing personal injury/damages to Affiant: **$ 369,572.00**; and

68]    THAT, the CONSPIRATORS did sentence Affiant over and beyond her agreed to plea agreement, thereby, voiding the agreement/contract, causing personal injury/damages to Affiant: **$ 479,555.00**; and

69]    THAT, the CONSPIRATORS willfully, intentionally, and knowingly did cause Affiant loss of income and profit from the construction company and her charter service over the last twenty years; also libel under the continuing wrong doctrine; causing personal injury/damages to Affiant: **$ 9,200,000.00** ; and

70]    THAT, Affiant return to California, and while visiting her sons in Mill Valley, Marin County, Rhymer and Motta, CONSPIRATORS, Virgin Islands Police Detectives, with acknowledgment from Christian, Chief of Police, CONSPIRATOR, at the direct of Sheraw, CONSPIRATOR, and paid for by the Clements and Gorman, CONSPIRATORS, did cause Affiant and her son to be stopped and handcuffed and detained for six hours at the Mill Valley Police Station for a stolen vehicle. Affiant had registration and insurance documents in the glove department of the car verifying her ownership. Mill Valley police was unable to contact Rhymer or Motta to verify the charge, no one else at the Virgin Islands Police Department would/could help them. Mill Valley Police release Affiant and her son, but would/could not release the car until the charges were cleared. Two weeks later Mill Valley Police called Affiant and told her to pick up the car as Nissman, CONSPIRATOR, had called the Mill Valley Police insted of Rhymer or Motta, and told them it had been a mistake, and that the stolen vehicle report had been in error and recinded, causing personal injury/damages to Affiant: **$ 5,635.17** ; and

71]    THAT, the CONSPIRATORS did file a fraudulent claim on Affiant's bank account at Houston, Texas for their own gain, for which they were not entitled, causing personal injury/damages to Affiant: **$ 400,000.00** ; and

72]    THAT, the CONSPIRATORS did have the FBI at Santa Barbara, California pick up two black bags of Affiant's legal documents after they had been advised the bags contained her legal papers on the pending criminal case, now found fraudulent. These bags were delivered to the CONSPIRATORS in the Virgin Islands and have never been returned to this date, after repeated requests and court orders, most of the

-18-

documents Affiant's attorney did not have a copy of and could not be replaced. These documents could have made a difference in the pending criminal case, if there had been due process; also libel under the continuing wrong doctrine, causing personal injury/damages to Affiant: **$ 500,000.00**; and

73]    THAT, on two occasions Affiant's homes were search and property seized by the CONSPIRATORS. Affiant's renters in one case was held against their will while the house was searched, finding and taking nothing. The other home, the search was made, taking many boxes of miscellaneous items of value. No inventory was taken or given to Affiant of her property. There had been no legal search warrant issued for either time. The personal property has never been returned. There was no probable cause for these illegal actions by the CONSPIRATORS, causing personal injury/damages to Affiant: **$ 300,000.00**; and

74]    THAT, the CONSPIRATORS did completely ignored Affiant's rights under a hand written signed contract between Affiant and her husband, James Rice, thereby, taking possession of all real and personal property; also libel under the continuing wrong doctrine, causing personal injury/damages to Affiant: **$ 1,715,639.00**; and

74]    THAT, the CONSPIRATORS did for their own benefit and gain called Affiant's long standing 1976 signed and recorded Agreement, between Affiant and her husband, James Rice, fraudulent, thereby depriving her of her rights under law; also libel under the continuing wrong doctrict; causing personal injury/damages to Affiant: **$ 3,796,279.00**; and

75]    THAT, when Affiant was indicted under the now fraudulent criminal case by the grand jury, Houston, Texas, she put her personal items in storage with the exception of her jewelry. She then flew to Houston, was a self-surrender and then on to the Virgin Islands and was again a self-surrender, they held her without bail. Affiant was unable to pay for the storage, it was loss. Affiant's storage were items of her life time, that could never be replaced. At that time Affiant was near sixty years old, so yes it was her life that was in storage, and it was loss due to the wrongs caused by the CONSPIRATORS. Affiant's loss was great and will remain with her forever; causing personal injury/damages to Affiant: **$ 1,039,673.00** ; and

76]    THAT, Affiant had employed private attorneys to defend the now proven fraudulent criminal case, spending all the cash she had, and finely had to give them her jewelry, pieces from her families estate and from her husband, including her wedding ring, a true loss; causing personal injury/damages to Affiant: **$ 620,254.00**; and

77]    THAT, Affiant had placed her furs in a fur storage, they were loss due to non-payment of the storage and due to the now proven fraudulent criminal charges

that put her in prison for seventeen years, causing personal injury/damages to Affiant: **$ 569,537.00**; and

78]    THAT, the CONSPIRATORS did in fraud, create/contrive the injured party to prosecute Affiant, as they did not have a criminal case against Affiant without a victim, in this now proven fraudulent criminal case; also libel under the continuing wrong doctrine, causing personal injury/damages to Affiant: **$ 5,000,000.00**; and

79]    THAT, the CONSPIRATORS did fabricate and record a fraudulent death certificate and coroner's report in the Virgin Island for Affiant's husband, James Rice for their own gain and enrichment, which they were not entitled; also libel under the continuing wrong doctrine, causing personal injury/damages to Affiant:
**$ 10,795,416.00**; and

80]    THAT, the CONSPIRATORS did willfully, intentionally and knowingly file an illegal probate action at Martinez, Contra Costa County, California; based on the government, CONSPIRATORS, induced fraudulent death certificate for Affiant's husband, James Rice, for their own personal gain, which they were not entitled, causing personal injury/damages to Affiant: **$ 3,624,080.00** ; and

81]    THAT, Phillips, CONSPIRATOR, Warden, Golden Grove Correctional Facility, Kingshill, St. Croix, working within the conspiracy to due further injury to Affiant under the continuing wrong doctrine on September 17, 2004 did place a fraudulent detainer on her, under the offices of the Government of the Virgin Islands, Virgin Islands Department of Justice, Bureau of Corrections, CONSPIRATORS. The Bureau of Corrections has no authority over Affiant, as the district Court ordered her to the custody of BOP. Phillips and BOP has refused to rescind the illegal detainter; libel under the continuing wrong doctrine. See Exhibit C, Motion for Speedy Disposition of Detainer, causing personal injury/damages to Affiant: **$ 965,543.00** ; and

82]    THAT, in the continuing wrong against Affiant, Judge Finch, CONSPIRATOR, at the District Court of the Virgin Islands, has failed  to docket the above Motion for Speedy Disposition of Detainer for hearing, as of this date, causing personal injury/ damages to Affiant: **$ 675,713.00**; and

83]    THAT, the judges and/or magistrate judges, CONSPIRATORS, Virgin Islands, Texas and California were not/are not bonded as required; whereby, the bond and the sureties thereof, have not been approved by the proper board; without approval, they cannot lawfully discharge duties from the bench; it is further required to be recorded. A bond is for the purpose of binding them to their oath of office. Without the judges being bonded the courts lacks jurisdiction over Affiant's cases. Thereby, the judges knowingly and intentionally did lack the inherent power to enter judgments that took away Affaint's life, liberty, property and rights. All judgments are void in law;

causing personal injury/damages to Affiant: **$ 5,876,941.00** ; and

84]     THAT, the prosecutors, CONSPIRATORS, at Texas, California and Virgin Islands are not bonded as required, therefore, the bond nor the sureties, thereof, have not been approved and without approval they cannot lawfully discharge their duties of office, without the bond they lack jurisdiction over Affiant to prosecute her, also libel under the continuing wrong doctrine, causing personal injury/damages to Affiant: **$ 769,718.00** ; and

85]     THAT, the Judge Broderick, CONSPIRATOR, District Court of the Virgin Islands did violate Virgin Islands laws; in criminal prosecutions, all judicial process shall run in the names of 'United States of America, scilicet, the President of the United States' or 'The People of the Virgin Islands of the United States,' not in the name of the 'Government of the Virgin Islands,' which is the name on Affiant's case and on her judgments, violation of due process - void judgment; also libel under the continuing wrong doctrine, causing personal injury/damages to Affiant: **$ 300,000.00**; and

86]     THAT, Clark, Warden, CONSPIRATOR, Federal Correctional Institution, Dublin, California with full knowledge of 'detain' and 'void judgments, therebt, causing personal injury/damages to Affiant; **$ 1,693,617.00**; and

87]     THAT, the Virgin Islands Board of Parole, CONSPIRATORS, in the continuing wrong against Affiant has not/will not answer any requests from Affiant or her case manager concerning her parole, they have just let Affiant set in prison, causing personal injury/damages to Affiant: **$ 50,000.00** ; and

88]     THAT, at the United States Board of Parole hearing under Affiant's federal old law cases the CONSPIRATORS did arrive in person to be heard, in their continuing wrong against Affaint, they advised the Board, that Affiant should not be released on parole, that she was a danger to society, as she had murdered her husband and the only way, it seemed, she would be punished is if she were to serve her full time of incarceration, causing personal injury/damages to Affiant: **$ 500,000.00** ; and

89]     THAT, the CONSPIRATORS did not provide notice of any forfeiture - however, the businesses, real and personal property were/was illegally taken out of Affiant's control for the benefit of the CONSPIRATORS, causing personal injury/damages to Affiant: **$ 100,000.00**; and

90]     THAT, the CONSPIRATORS did under the continuing wrong doctrine against Affiant, sent a fax to the records office, FCI-Dublin, which did arbitrary take away over four years of her good time as seen in California civil case 03-00464, thereby, unjustly extending Affiant's incarceration, causing personal injury/damages to Affiant: **$ 4,000,000.00** ; and

91]    THAT, the CONSPIRATORS in their continuing wrongs against Affaint at the FCI-Dublin, they have knowingly and intentionly have not given Affiant her statutory good time nor her industrial good time (working UNICOR), which she is entitled by law, statute and code, thereby, further extending her incarceration, causing personal injury/damages to Affiant: **$ 43,212.00**; and

92]    THAT, it is the 'law of the land' that no man's life, liberty, property or rights be forfeited as punishment until there has been a charge 'fairly' made and 'fairly' tried. Affiant's case was so infectedby the CONSPIRATORS criminal conspiracy that it resulted in a fundamental miscarriage of justice with Affiant going to prison and twenty years of her life taken, there is no recovery for that kind of loss, due to greed, causing personal injury/damages to Affiant: **$ 2,700,000.00**; and

93]    THAT, the CONSPIRATORS did harass and has continued to harass Affiant's family, never allowing them piece in their own homes. Due to the now found fraudulent cause from the beginning, what the CONSPIRATORS have taken from Affiant and her family over the last twenty years can never be returned or replaced, causing personal injury/damages to Affiant: **$ 1,000,000.00**; and

94]    THAT, the CONSPIRATORS did solely repeat the fraudulent works of the prosecutor, CONSPIRATOR, in Affiant's Presentence Report (PSR), now determined to be a fraudulent report, causing personal injury/damages to Affiant: **$ 369,753.00**; and

95]    THAT, the CONSPIRATORS did take Affiant criminal case back to court under the continuing wrong doctrine, and unknown to Affiant the court doubled her restitution, which she found out in 2005 through and exhibit in a civil case filed by Affiant, thereby causing personal injury/damages to Affiant: **$ 569,743.00**; and

96]    THAT, from July 1986 through present 2006, these twenty years, Affiant has been deprived of her rights (personal and legal), life, liberty, property, family, friends, her lifestyle, businesses, due to the CONSPIRATORS she has been in prison and the above loss has caused pain, suffering, mental angush, loss of future profits from business, shorting of life expectancy to be with her family, denial of pension (social security and/or other), loss of family members, and actual injury because it deprived her of everything in her life of value and more and due to the CONSPIRATORS and their fraudulent criminal case against Affaint; causing personal injury/damages to Affiant: **$ 23,086,320.00**; and

97]    THAT, Affiant has been deprived of all things of value in her life, also as seen in her unrebutted affidavit, she may have inadvertently missed or forgotten

some right taken without due process of law by the CONSPIRATORS, which has caused
further injustices and suffering to Affiant under cover of their title and office,
which hopefully will be considered under this TORT claim for personal injury and/or
damages classified under the following: Injuries; absolute, civil, injuries in
fact, irreparable, permanent, pain and suffering, private, real, harm, loss,
malicious, and under Damages: substantial, rescissary, actual, continuing, direct,
excessive, excess liability, exemplary or punitive or vindictive, future, hedonic,
necessary, pecuniary, prospective, and proximate; and

98]     THAT, the term 'personal injury' may denote an injury affecting the
reputation, character, conduct, manner, and habits of a person. See Tisdale v.
Eubanks, 180 N.C. 153, 104 S.E. 339, 11 A.L.R. 374 (1920); Smith v. Buck, 119 Ohio
St. 101, 6 Ohio L. Abs. 385, 162 N.E. 382, 61 A.L.R. 1343 1928; and

99]     THAT, legal damages resulting from some injury to the right of another or
from the breach of a duty owing to the other is a necessary element of a TORT cause
of action. Whenever there is a wrongful invasion of a clear legal right, the law
infers or presumes damage sufficient to support an action. In such cases, the injury
is regarded as the gist of the action. See Hundley v. Louisville & N.R. Co., 105 Ky.
162, 20 Ky. L. Rptr. 1085, 48 S.W. 429 (1898.

100]     THAT, a legal right and a legal duty corresponding to such right are the
essential elements of a cause of action. No right or duty is considered as a basis
for an action of TORT except a legal right or duty. The CONSPIRATORS had a legal
duty to Affiant, which they did not perform. See Forrich Tennis Corp. v. Levin,
147 A.D.2d 611, 538 N.Y.S.2d 19 (2d Dep't 1989); International Products Co. v.
Errie R. Co., 244 N.Y. 331, 155 N.E. 662, 56 A.L.R. 1377 (1927); and

102]     THAT, a legal right is a well-founded claim enforced by sanctions (see
Louis Kamm, Inc., v. Flink, 113 N.J.L. 582, 175 A. 62, 99 A.L.R. 1 (N.J. Ct. Err. &
App. 1934)), and a legal duty is that which the law requires to be done or forborne
to a determinate person or to the public (see Randlette v. Judkins, 77 Me. 114, 1885
WL 3124 (1885)); and

103]     THAT, for a cause of action in TORT to arise, there must be an invasion of
some right (see Maia's Adm'r v. Directors of Eastern State Hospital, 97 Va. 507, 34
S.E. 617 (1899); West Virginia Transp. Co. c. Standard Oil Co., 50 W.Va. 611, 40 S.E.
591 (1901)), or a breach of (see Bennett v. Illinois Power & Light Corp., 355 Ill.
564, 189 N.E. 899 (1934); Summit Hotel Co. v. National Broadcasting Co., 336 Pa.
182, 8 A.2d 302, 124 A.L.R. 968 (1939)), or a failure to perform (see Oklahoma
Natural Gas Co. v. Young, 116 F.2d 720, 132 A.L.R. 908 (C.C.A. 10th Cir. 1940);
Boham v. City of Sioux City, Iowa, 567 N.W.2d 431, 72 A.L.R.5th 771 (Iowa 1997))

a duty. The CONSPIRATORS are guilty of all of the above and more. Even in the absence of an unlawful act, however, there may be liability in TORT under the concept of strict liability, or under the prima facie TORT doctrine; and

104]    THAT, one who intentionally deprives another of his legally protected property interest or causes an injury to that interest is subject to liability. Intentional TORTS, as distinguished from negligent or reckless torts, generally require require that the actor intended the consequences of the act, not simply the act itself (see Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). As seen in Affiant's TORT claim and her EX: A, all acts were intentional and willful; and

105]    THAT, this TORTS liability may be based on the willful actions of the CONSPIRATORS. A willful act is one done intentionally, or on purpose (see Conchin v. El Paso & S.W.R. Co., 13 Ariz. 259, 108 P. 260 (1910); Leicester v. Hoadley, 66 Kan. 171, 71 P. 318 (1903); Koslowski v. Newman, 74 Neb. 704, 105 N.W. 295 (1905), and not accidentally. Willfulness implies intentional wrongdoing (see Capital Elec. Power Ass'n v. Hinson, 230 Miss. 311, 92 So.2d 867 (1957); Voss v. American Mut. Liability Ins. Co., 341 S.W.2d 270 (Mo. Ct. App. 1960); and

106]    THAT, the enjoyment of private reputation unassailed is a right entitled to protection as much as are the rights of life, liberty, and property, and to invade the enjoyment of this right is a breach of legal duty for which an action will lie (see Haris v. Nashville Trust Co., 128 Tenn. 573, 162 S.W. 484 (1914)). The CONSPIRATORS did take Affiant's private and business reputation on the telling of their first tale to the media as shown above; and

107]    THAT, everyone has a legal right to enjoy social relations with his friends and neighbors. Furthermore, one has a legal right to personal security at home, including the right of enjoyment of life, and the enjoyment of the happiness of home and the love and confidence of a spouse. One who injures another in the enjoyment of any of these right commits a TORT (see Freeman v. Busch Jewelry Co., 98 F.Supp. 963 (N.D. Ga. 1951)). The CONSPIRATORS took away and destroyed Affiant's life. Also, as a mother to three sons she has a right to protect her family rights against outside interference as she has shown above; and

108]    THAT, the law of TORTS is concerned with the duty to respect the property of others (see Hill v. City of Boston, 122 Mass. 344, 1877 WL 10155 (1877); Tuttle v. Buck, 107 Minn. 145, 119 N.W. 946 (1909)), and a cause of action in TORT may be predicated upon an unlawful interference with the enjoyment by another of his private property (see Manro v. Almeida, 23 U.S. 473, 6 L.Ed. 369 (1825)); and

109]    THAT, the CONSPIRATORS did act/are acting with malice as seen above; and

-24-

any person who takes an active part in continuing or procuring the continuation of criminal proceedings initiated by another is subject to the same liability for malicious prosecution as if they had then initiated the proceedings. See Limone v. United States, 271 F.Supp.2d 345 (D.Mass. 2003); and

110]    THAT, the prosecutor, Nissman as well as all other CONSPIRATORS did knowingly and intentionally encouraging government informant, K. Clements, CONSPIRATOR, to provide false testimony of an alleged murder against Affiant, working actively with state and federal authorities to obtain and sustain an unjust conviction against Affiant, while covering up the criminal activities of the CONSPIRATORS, thereby, malicious prosecution. 28 U.S.C. §§ 1346 and 2671 et seq; and

111]    THAT, the above actions and actions as shown above are not discretionary, as these actions did violate the constitution, federal and local laws, and/or established agency polices and regulations; and

112]    THAT, suborning perjury and fabricating evidence by the governments, federal and local violates the constitution and therefore cannot constitute discretionary conduct within meaning of the discretionary function exception under the TORT claims (see Limone v. United States, 271 F.Supp.2d 345 (D.Mass. 2003); and

113]    THAT, Affiant should be awarded special damages due to the wrong doings by the CONSPIRATORS, as shown above; and

114]    THAT, the governments (federal and local as CONSPIRATORSO are liability under the TORT Act for the misconduct of their employees which extents to novel and unprecedented forms as well, where the governments are in a criminal conspiracy and has used private parties under color of law and office, acting as governmental instrument and/or agent to conduct their business for gain not entitled to. See Rayonier v. United States, 352 U.S. 315, 1 L.Ed.2d 354, 77 S.Ct. 374 (1957); and

115]    THAT, the Federal TORT Compensation Act (FTCA) (Liability Reform Act), 28 U.S.C. § 2679 (1994). The Liability Reform Act provides that actions based on the wrongful conduct of federal employees acting within the scope of their employment, the only remedy is a FTCA lawsuit against the government itself. See 28 U.S.C. § 2679(b)(1) 1994; 28 U.S.C. § 1346 and § 2671 et seq.; and

116]    THAT, Affiant has TORT rights under the Virgin Islands TORT Claims Act 33 V.I.C. § 3401 et seq.; Revised Organic Act of the Virgin Islands § 2, as amended 48 U.S.C.A. § 1541; and

117]    THAT, the FTCA acts as a waiver of the United States' sovereign immunity for certain TORTS committed by its employees 28 U.S.C. §§ 1346(b) and 2674. The statute provides that the United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ; and

118]    THAT, there are so many more continuing wrongs that have been done against Affiant by the CONSPIRATORS, and these wrongs will not cease until she is out of prison, if then. Affiant now leaves it up to the TORT Division to cover any and all statutes and law necessary for wrongs that have not been included herein to cure the injustice Affiant has shown; and

119]    THAT, Affiant has returned to the District Court of the Virgin Islands on many occasions for remedies and they have been denied to cover up the wrongs done to her by the CONSPIRATORS, an injustice in its self against Affiant; and

120]    THAT, 'There can be no sanction or penalty imposed upon one because of exercise of one's constitutional rights.' See Sherer v. Cullen, 481 F.2d 945 (1973). And Affiant's rights is filing a TORT claim against the CONSPIRATORS; and

121]    THAT, Affiant in her unrebutted Affidavit, now a judgment by law, wherein, she asked for the remedies to be, and as shown in her EX: A: a) immediate release from prison; b) return of all property; c) expungment of all records of case; d) discharge of all alleged obligations; e) returning Affiant to her original status, making her whole again; f) order to be with prejudice. These remedies have gone unchallenged, therefore, have become a remedy in fact, and all alleged, and presumed liabilities are discharged. This has not happened due to the continuing wrong doing by the CONSPIRATORS in their on going conspiracy. Affiant is still in custody in violation of the laws, statutes, codes and the United States Constitution, thereby, causing personal injury/damages to Affiant: **$ 5,000,000.00** ; and

122]    THAT, Affidavit signed and sworn to under penalty of perjury pursuant to 28 U.S.C. § 1746(2) by Astarte Davis-Rice at Dublin, California on this _26th_ day of January 2006.

Respectfully submitted,

_____
Astarte Davis-Rice, Affiant, Claimant



**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

---

*Mary Jo Touhey*
*Trial Attorney*

*Post Office Box 888*
*Benjamin Franklin Station*
*Washington, D.C. 20044*

PJP:MJTouhey:hls
157-16-NEW

June 22, 2006

Astarte Davis-Rice
#01137-094, Unit A
Federal Correctional Institution
5701 8th Street
Camp Parks
Dublin, CA 94568

Re:    Administrative Tort Claim of Astarte Davis-Rice

Dear Mr. Davis-Rice:

The administrative tort claim dated January 26, 2006, which you presented to the Department of Justice on May 30, 2006, was referred to this office for handling.

Your claim has been assigned to me for handling. As soon as I have reviewed the material, I will contact you. Should you have any questions in the interim, please feel free to contact me at the following address:

**Mary Jo Touhey**
**Trial Attorney**
**Torts Branch, Civil Division**
**United States Department of Justice**
**Post Office Box 888**
**Benjamin Franklin Station**
**Washington, D.C. 20044.**

Very truly yours,

MARY JO TOUHEY
Trial Attorney
Torts Branch, Civil Division

07 2072

**FILED**

NOV 1 5 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

cc w/encls:    Chuck Rosenberg
United States Attorney
Southern District of Texas
Post Office Box 61129
910 Travis Street
Houston, TX 77208

Anthony J. Jenkins
United States Attorney
District of Virgin Islands
Federal Building and US Courthouse
5500 Veterans Drive, Room 260
St. Thomas, VI 00802-6424

Honorable Valerie Caproni
General Counsel
Federal Bureau of Investigation
935 Pennsylvania Avenue, NW
Room 7427
Washington, D.C. 20535-0001

Honorable Rockne Chickinell
General Counsel
United States Parole Commission
5550 Friendship Boulevard
Room 420 PPB
Chevy Chase, Maryland 20815

John Helm
Associate Chief Counsel
Office of the Chief Counsel
U.S. Customs and Border Protection
13300 Pennsylvania Avenue, NW
Washington, D.C. 20229

Joyce Zoldak
Associate General Counsel
Federal Bureau of Prisons
320 First STreet, NW
Room 977 HOLC
Washington, D.C. 20534

William R. Burchill, Jr.
Associate Director & General Counsel
Administrative Office of U.S. Courts
1 Columbus Circle, N.E.
Suite 7-290
Washington, D.C. 20544

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Attorney General<br>Office of the U.S. Attorney General<br>Department of Justice<br>Tenth Street and Constitution Ave. N.W.<br>Washington, D.C. 20530 | Astarte Davis-Rice<br>01137-094 Unit A<br>Federal Correctional Institution<br>5701 8th Street - Camp Parks<br>Dublin, CA 94568 |

| 3. TYPE OF EMPLOYMENT<br>NA ☐ MILITARY  ☐ CIVILIAN | 4. DATE OF BIRTH<br>8/17/32 | 5. MARITAL STATUS<br>NA | 6. DATE AND DAY OF ACCIDENT<br>last occurrence 10/17/06 | 7. TIME (A.M. OR P.M.)<br>6:30 am |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See ATTACHED AFFIDAVIT

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

SAME AS ABOVE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTEND OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

See ATTACHED AFFIDAVIT

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See ATTACHED AFFIDAVIT

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| See ATTACHED WITNESS LIST | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| See Affidavit | See Affidavit | NA | $ 3,908,223.57 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| | --- | 4/18/07 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

Previous editions not usable.

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2
USAPPC V1.00

FILED

07 2072

NOV 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## A F F I D A V I T

## AFFIDAVIT OF ASTARTE DAVIS-RICE, CLAIMANT, IN
## SUPPORT OF TORT CLAIM


I, Astarte Davis-Rice, Claimant, Aggrieved Party, U.C.C. § 1-201(2), hereinafter known as 'Affiant,' of age to contract and competent to witness, make this sworn voluntary ex parte statement in support of her tort claim, pursuant to the First and Fifth Amendment to the Constitution of the United States of America; having first-hand knowledge of the facts, and/or as Affiant understands the facts according to a declared source of information contained below, declare and affirm the following is true, correct, complete, certain, and not misleading to the best of her personal knowledge and belief; Affiant overs the following:

'Indeed, no more than affidavit(s) is necessary to make the prima facie case.' See <u>United States v. Kis,</u> 658 F.2d 536, 538 (7th Cir. 1981), cert. den. on other grounds, 5 U.S.L.W. 2169, S.Ct. March 22, 1982; and

1]    THAT, Affiant did complete her administrative remedies as shown below; and

2]    THAT, there are three (3) elements of every tort action, all of which have been met: a) existence of legal duty from wrong doers; b) breach of duty; and c) personal injury/damage as proximate results; and

3]    THAT, the proximate result of the personal injuries/damages are by operation of law, with legal wrongs committed upon Affiant with malice, her person, and her property; a direct invasion of legal rights by collusion within its employees and agencies of United States with willful violation of due process in law; and

4]    THAT, legal damages resulting from some injury to the right of another or from breach of a duty owing to the other is a necessary element of a tort cause of action. Whenever there is a wrongful invasion of a clear legal right, as in this claim, the law infers or presumes damage sufficient to support an action. In such cases, the injury is regarded as the gist of the action; as in this case; and

5]    THAT, a legal right and a legal duty corresponding to such right are the essential elements of a cause of action. No right or duty is considered as a basis for an action of tort except a legal right or duty; and

6]    THAT, the Financial Litigation unit, the United States Attorneys, and the Department of Justice, St. Thomas, United States Virgin Islands had/has a legal duty to return Affiant's money, which they did not do. They knew or should have known her

criminal judgments were void from the beginning, thereby, the order of restitution was unlawful, and payments thereon wrong by law; thereby, Government **did not** perform their legal duty, causing breach of that duty; as shown in Affiant's January 26, 2005 Tort Claim filed with the Attorney General, now in the hands of the Tort Division, with attached copy of Affiant's Virgin Islands case No. D.C. Civil 2005/118; and

7] THAT, a legal duty is a well-founded claim enforced by sanctions, and a legal duty is that which the law requires to be done, as Affiant has shown in this case; and

8] THAT, for a cause of action in tort to arise, there must be an invasion of some right, **OR** a breach of, **OR** a failure to perform a duty, all of which has been shown herein; and

9] THAT, this tort's liability is based on the willful actions and/or lack of actions by United States, its Actors and Agents of the Financial Litigation Unit, U.S. Attornys, and the Department of Justice, St. Thomas, Virgin Islands concerning Affiant's unlawful payments on the unlawful order of restitution/lien; and

10] THAT, the Financial Litigation Unit, Office of the U.S. Attorney and Department of Justice is liable under the Tort Act for the misconduct of their employees which extents to novel and unprecedented forms as well, as in this case; and

11] THAT, the Federal Tort Compensation Act ('FTCA') provides that actions based on the wrongful conduct of federal employees acting within the scope of their employment, the only remedy is a tort claim; and

12] THAT, the FTCA acts as a waiver of the sovereign immunity for certain torts committed by government employees, as in this case, the employees of the Financial Litigation Unit, the Office of U.S. Attorney and Department of Justice shall be liable in the same manner and to the same extent as a private individual under like circumstances; and

13] THAT, Affiant is presently incarcerated at the Federal Correctional Institution, Dublin, California under **void judgments** out of the District Court of the Virgin Islands; her criminal case was found to be fraudulent from the beginning under Virgin Islands case No. D.C. Civil 2005/118; and

14] THAT, Affiant's remedies/relief under the above case **was not** afforded her, thereby, awaiting execution of **writ of mandamus** from the Third Circuit Court of Appeals under case No 06-4456; and

15] THAT, Affiant filed for bankruptcy under case No. 05-40818 and discharge was granted her on April 26, 2006 against United States of America, Government of the

Virgin Islands and others concerning the order of unlawful restitution under void judgments; and

16]    THAT, Affiant's **Discharge of Debtor** was filed with the Recorder of Deeds, St. Thomas, Virgin Islands on September 14, 2006. See **EX A**, copy of filed discharge and certificate of service showing the discharge of United States of America, Government of the Virgin Islands and James S. Carroll III, Assistant U.S. Attorney acting for Anthony J. Jenkins, Acting U.S. Attorney, parties of interest; and

17]    THAT, James S. Carroll III, Assistant U.S. Attorney for the United States **did** willfully cause an **unlawful Lien for Restitution** against Affiant; which was recorded on February 18, 2005 for the **total** amount of restitution $269,282.78 under Virgin Islands criminal case No. 88-403. See **EX B**, copy of lien; and

18]    THAT, Affiant has sent requests to the Financial Litigation Unit, St. Thomas, Virgin Islands regarding the repayment of the total amount of money that been paid towards the restitution; letters dated August 2006, October 2006, and March 2007. See **EX C**, copies of letters; and

19]    THAT, money paid under a known unlawful United States lien for restitution from the beginning is/was **extortion**, on the part of government against Affiant; and

20]    THAT, numerous attempts have been made to settle and close, but, the **Financial Litigation Unit**, U.S. Department of Justice at Charlotte Amalie, St. Thomas, U.S. Virgin Islands its employees, agents and agencies, they have willfully failed to perform their legal duty, and their tortious conduct has caused Affiant injury/damages; and

21]    THAT, **Notice of Tort Claim would issue** was sent to the Financial Litigation Unit, St. Thomas, there was/has been total lack of response by government; **their silence is acquiescence** (see Connally v. General Construction Co., 269 U.S. 385, 391), therefore, they accept the liability of wrong doing and consent to be sued; and

22]    THAT, the United States of America, Office of U.S. Attorney, Financial Litigation Unit, St. Thomas Division, Virgin Islands, its agencies and instrumentalities by and through its or their actors (tort-feasors), agents, employees, trustees, fiduciaries, and representatives **did** willfully fail to do their legal duty by returning Affiant's money, in the amount of $ 233,073.57; and

23]    THAT, Affiant last statement received from the United States Attorney shows the remaining balance is $ 36,209.21. See **EX D**, copy of statement; anc

24]    THAT, the United States lien in the amount of $ 269,282.78 **less** the remaining

balance of $ 36,209.21 equals $ 233,073.57; and

25]    THAT, the **amount to be returned** to Affiant is $ 233,073.57; and

26]    THAT, each act of tortious trespass by the United States, its above Actors/ Agents is liable/obliged in law or equity and responsible/answerable/accountable, as wrong **did** occur which knowingly, willful from the beginning – **47 Tortious Acts @ $ 75,000.00 is $ 3,525,000.00**; and

27]    THAT, the United States unlawfully fined Affiant $ 100.00 and $ 50.00, which was also paid, thereby shall be returned to her – **$ 150.00**; and

28]    THAT, the above two acts of tortious trespass by United States by which they are liable/obliged in law or equity and responsible/answerable/accountable as the above wrongs **did** occur which was knowingly, willful from the beginning – **2 Tortious Acts @ $ 75,000.00 is $ 150,000.00**; and

29]    THAT, Affiant's tort claim shall be in the **sum certain** amount of:

$     233,073.57 from item 25
  3,525,000.00 from item 26
         150.00 from item 27
     150,000.00 from item 28

### TOTAL SUM CERTAIN AMOUNT IS $ 3,908,223.57; and

And, any amounts not included in the above sum certain amount will be accepted for value and discharged by default; and

**WHEREFORE,** I, Astarte Davis-Rice, Claimant, Aggrieved Party, Affiant, herein and hereby make claim under the Federal Tort Claims Act against the United States and their Actors/Agents for their many tortious trespasses causing injury/damages to her; and for the return of all monies herein described or otherwised referenced, as it was acquired **under fraud**; and for the above tortious acts by the tort-feasors in collusion as were a direct and proximate result of the scheme, artifice or enterprise to extort and embezzle, for which claim is herein and hereby made for their wrongs with injury to Affiant; **their silence is their acquiescence of liability of their wrongs;** and

'There can be no sanction or penalty imposed upon one because of exercise of one's constitutional rights.' See <u>Sherer v. Cullen</u>, 481 F.2d 945 (1973); and

Affiant avers that the parties of interest to this tort claim wishing to rebut this affidavit must respond **by opposing affidavits point-for-point** in writing, duly sworn under penalty of perjury with unlimited commercial liability; failure to respond will constitute as operation of law to stand as truth and fact in all law proceeding; and

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**
**NOTICE TO PRINCIPAL IS NOTICE TO AGENT**

(applicable to all successors and assigns)

This affidavit is signed and sworn to (for lack of notary) under penalty of perjury pursuant to 28 U.S.C.S. § 1746 by Astarte Davis-Rice at Dublin, CA on this 8 day of _April_ 2007.

_____
Astarte Davis-Rice

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury pursuant to 28 U.S.C.S. §1746 that she caused to be served by U.S. Mail, the document known as **Federal Tort Claim with Affidavit in Support of Claim**; by causing a true copy thereof to be delivered to the following parties:

**Certified Mail Receipt # 7006 2150 0000 7676 8034 to:**

Anthony J. Jenkins, U.S. Attorney, **and**
James S. Carroll III, Assistant U.S. Attorney
Ron de Lugo Federal Bldg & U.S. Courthouse
5500 Veterans Drive, Suite 260
St. Thomas, Virgin Islands 00804-6424

_7006 2150 0000 7676 8034_

**Certified Mail Receipt # 7006 2150 0000 7676 8041 to:**

Attorney General
Office of the United States Attorney General
Department of Justice
Tenth Street and Constitution Ave. N.W.
Washington, D.C. 20530

_7006 2150 0000 7676 8041_

Dated: 4/18/07

_____
Astarte Davis-Rice



**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*

---

| | | |
|---|---|---|
| *Khlayer Sowell*<br>*Claims Adjuster* | *Post Office Box 888*<br>*Benjamin Franklin Station*<br>*Washington, D.C. 20044* | *Telephone: (202) 514-8161*<br>*Facsimile: (202) 616-5200* |

PJP:KSowell:cjm
157-16-NEW

July 26, 2007

Anthony J. Jenkins
United States Attorney
Virgin Islands
Federal Building and U.S. Courthouse
Room 260
5500 Veterans Drive
St. Thomas, VI  00802-6424

Re:  Administrative Tort Claim of Astarte Davis-Rice

Dear Mr. Jenkins:

Enclosed is a copy of the administrative tort claim of Astarte Davis-Rice dated April 17, 2007. The claim was presented to the Department of Justice on April 30, 2007.  Because this administrative claim concerns an alleged tort by an employee or employees of your office, we are requesting a report pertaining to the claim so that the claim process can proceed.

In order to evaluate Astarte Davis-Rice's claim, we will need a detailed report setting forth the factual background, the applicable state and federal law, the employment status of personnel involved at the time of the occurrence, including facts pertinent to whether the employee(s) were acting within the scope of employment at that time, your evaluation of potential liability and damages, if any, along with your views and recommendations regarding the merits of the claim.

It is requested that this information be provided to me no later than thirty days from the date of this letter.  If you are unable to provide the information by then, or should you have any questions regarding the claim, please contact Khlayer Sowell who is handling the matter in this office.

07 2072

**FILED**

NOV 1 5 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

The requested information should be directed to me at the following address:

**Phyllis J. Pyles**
**Director**
**Torts Branch, Civil Division**
**U.S. Department of Justice**
**P.O. Box 888**
**Benjamin Franklin Station**
**Washington, D.C.  20044**
**Attn: Khlayer Sowell**

Thank you for your courtesy and cooperation.

Yours very truly,

PHYLLIS J. PYLES
Director,
Torts Branch, Civil Division

Enclosures

**U.S. Department of Justice**

*Civil Division, Torts Branch*
*Federal Tort Claims Act Staff*



---

Khlayer Sowell                    Post Office Box 888
Claims Adjuster                   Benjamin Franklin Station
                                  Washington, D.C. 20044

PJP:KSowell:cjm
157-16-NEW

July 26, 2007

Astarte Davis-Rice
#01137-094
Unit A
Federal Correctional Institution
Camp Parks
5701 8th St.
Dublin, CA 94568

Re:    Administrative Tort Claim of Astarte Davis-Rice

Dear Ms. Davis Rice:

The administrative tort claim dated April 18, 2007, which you presented to the Department of Justice on April 30, 2007, was referred to this office for handling.

Your claim has been assigned to me for handling. As soon as I have reviewed the material, I will contact you. Should you have any questions in the interim, please feel free to contact me at the following address:

**Khlayer Sowell**
**Claims Adjuster**
**Torts Branch, Civil Division**
**United States Department of Justice**
**Post Office Box 888**
**Benjamin Franklin Station**
**Washington, D.C. 20044.**

Very truly yours,

KHLAYER SOWELL
Claims Adjuster
Torts Branch, Civil Division

07 2072

**FILED**

NOV 1 5 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

07-2072
UNA

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Astarte Davis Rice

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 01137-094

## DEFENDANTS

USA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-02072
Assigned To : Unassigned
Assign. Date : 11/15/2007
Description: Pro Se General Civil

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil |
|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

0

| ☐ **G. Habeas Corpus/ 2255**<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H. Employment Discrimination**<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I. FOIA/PRIVACY ACT**<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **J. Student Loan**<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K. Labor/ERISA (non-employment)**<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L. Other Civil Rights (non-employment)**<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M. Contract**<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N. Three-Judge Court**<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

42 USC 1983

---

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** $190 million    Check YES only if demanded in complaint    **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☐ NO  If yes, please complete related case form.

**DATE** 11/5/07    **SIGNATURE OF ATTORNEY OF RECORD** NCD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.


N:\forms\js-44.wpd